### Cudlin v. Cudlin
*[Cite as 3 AOA 207]*

*Case No. 56995*
*Cuyahoga County, (8th)*
*Decided May 31, 1990*

*Dale F. Pelsozy, 1575 Illuminating Building, Cleveland, Ohio 44113, for Plaintiff-Appellant, Darlene Cudlin.*

*Todd M. Raskin, John T. McLanrich, 30670 Bainbridge Road, Solon, Ohio 44139, for Defendants-Appellees, City of Westlake and Detective Cowles.*

*James W. Burke, 22649 Lorain Road, Fairview Park, Ohio 44126, for Defendants-Appellees, Matthew Cudlin, Sr. et al.*

McMANAMON, J.

Plaintiff Darlene Cudlin sought to recover damages for false arrest, malicious prosecution, defamation, and intentional infliction of emotional distress from her former husband, Matthew Cudlin, Sr., his mother Judy Cudlin, and his grandparents, Steve and Josephine Lawrence ("the family"). Cudlin asserted the same state law claims as well as a violation of her civil rights, pursuant to 42 U.S.C. Section 1983, against the City of Westlake ("the city") and Detective Henry Cowles. The trial court granted motions by all defendants for summary judgment. In a timely appeal, the plaintiff alleges, in a single assigned error, that the adjudication of her claims in this fashion was erroneous. For the reasons which follow, we affirm summary judgment on the state law claims. We are compelled, however, to reverse to court's judgment on Cudlin's civil rights cause.

On June 14, 1985, in response to a citizen's complaint, Detective Cowles visited Deborah Leake at her residence. Leake informed the officer that, three months earlier, she observed Cudlin sexually abuse her 3-1/2 month old infant son. Leake explained that she did not report the incident until she heard that one of the infants' great-grandparent's witnessed a similar occurrence. Judy Cudlin later gave the detective some photographs which purportedly supported her allegations.

After his initial investigation, Cowles notified the Cuyahoga County Welfare Department ("welfare") as required by R.C. 2151.421. During the ensuing investigation, Judy Cudlin and Josephine Lawrence spoke with welfare. Thereafter, a grand jury indicted Cudlin on two counts of gross sexual imposition (R.C. 2907.05). Members of the family testified both at the grand jury hearing and at trial. A jury acquitted Cudlin on all charges and this unsuccessful civil suit followed.

In her sole assignment of error, Cudlin controverts the application of R.C. 2151.421 as to the defense of absolute immunity afforded the defendants.

Summary judgment may be rendered only when no genuine issue of material fact remains to be litigated, and when, construing the evidence in the light most favorable to the nonmovant, the moving party is entitled to judgment as a matter of law. Civ. R. 56(C); *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64. Though the nonmoving party has no burden of proof in resisting a summary judgment motion, the nonmovant bears the burden of supplying rebuttal evidence in support of his position when the movant presents an affirmative defense which negates the plaintiff's claim. *Benjamin* v. *Deffet Rentals* (1981), 66 Ohio St. 2d 86. See *Whiteleather* v. *Yosowitz* (1983), 10 Ohio St. 3d 272, 275. In that situation, the plaintiff cannot rely on unsupported allegations in his pleadings. *Id.*

Cudlin first argues that the immunity afforded those who report instances of alleged child abuse is not absolute. She maintains that only good faith reporters of child injury or neglect are entitled to statutory protection.

R.C. 2151.421 provides in relevant part:

"(B) Anyone, who has reason to believe that a child under eighteen years of age or a physically or mentally handicapped child under twenty-one years of age has suffered any wound, injury, disability, or other condition of a nature that reasonably indicates abuse or neglect of the child, may report or cause reports to be made of that knowledge or suspicion to the children services board, the county department of human services exercising the children services function, or to a municipal or county peace officer."

The immunity provision of R.C. 2151.421 provides, the relevant part:

"(G) Anyone or any hospital, institution, school, health department, or agency participating in the making of reports under this section, or anyone participating in a judicial proceeding resulting from the reports, shall be immune from any civil or criminal liability that otherwise might be incurred or imposed as a result of such actions. * * *"

This court recently held that the statute grants absolute immunity to those who make reports of child abuse to child welfare authorities or to a municipal or county peace officer. *Criswell* v. *Brentwood Hosp.* (1988), 49 Ohio App. 3d 163. Such immunity is applicable even when reports are allegedly made in the absence of good faith. *Hartley* v. *Hartley* (1988), 42 Ohio App. 3d 160; *Bishop* v. *Ezzone* (June 26, 1981), Wood App. No. WD-80-63, unreported.

In resisting summary judgment, Cudlin claimed that the family alleged the same child abuse in reports to members of Congress and the media. She maintained further that the family made similar false statements to private busi-

nesses and organizations which were not entitled to the protection of R.C 2151.421(G). Though Cudlin alleged that the family made improper reports to persons not protected by the statute, she provided no evidentiary materials to rebut the defendant's affirmative defense of immunity. It was incumbent upon Cudlin to demonstrate that the family made reports to a person or an agency outside those authorized to received such reports in the statute. *Benjamin, supra.* Since Cudlin submitted no affidavits, interrogatories or deposition testimony in support of her claim that the family reported the alleged abuse to anyone other than welfare and Detective Cowles, summary judgment on this issue was proper.

Cudlin next reiterates her constitutional challenge to the immunity provisions of the child abuse reporting statute. She claims that the statute violates Section 16, Article I of the Ohio Constitution and the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution.

Our analysis of the question of whether R.C. 2151.421(G) violates the equal protection rights of those falsely accused of child abuse must be conducted according to the "rational basis" test, since this case involves neither a suspect class nor a fundamental right. See *Gaines* v. *Preterm-Cleveland* (1987), 33 Ohio St. 3d 54. Such a statutory classification does not violate the equal protection clause if it "bears a rational relationship to a legitimate governmental interest." *Menefree* v. *Queen City Metro* (1990), 49 Ohio St. 3d 27. See, also, *Kinney* v. *Kaiser Aluminum & Chemical Corp.* (1975), 41 Ohio St. 2d 120, 123; *Porter* v. *Oberlin* (1965), 1 Ohio St. 2d 143. The rational basis test requires us to uphold a statute unless the classification is "wholly irrelevant to achievement of the state's purpose." *Menefee, supra,* citing *McGowan* v. *Maryland* (1961), 366 U.S. 420, 425 (emphasis omitted). Whether the state's decision to grant immunity to all reporters of child abuse best serves its purpose is not a part of our inquiry. See *Menefree, supra.*

The immunity provisions of the child abuse reporting statute are limited to those persons who report alleged abuse to specific government agencies. See R.C. 2151.421(B). Reports received by these agencies are confidential. R.C. 2151.421(H)(1). The statute represents a policy decision by the Ohio Legislature that "the societal benefits arising from encouraging the reporting and prosecuting of child abuse by granting immunity outweigh any individual harm which

might arise from false reports." *Crisell, supra,* at 165, citing *Bishop* v. *Ezzone, supra,* at 4.

Accordingly, we hold that R.C. 2151.421(G) is a constitutional exercise of legislative authority because the grant of immunity to persons who report child abuse is rationally related to the legitimate state interest of encouraging such reports.

We next review R.C. 2151.421(G) in light of due process considerations.

The due process clause of the Fourteenth Amendment does not prohibit the states from abolishing or modifying common law rights so long as "it is to achieve a permissible legislative objective." *Stock* v. *Pressnell* (1988), 38 Ohio St. 3d 207, 213, citing *Silver* v. *Silver* (1929), 280 U.S. 117. Unless prohibited by constitutional limits, a state may modify or abolish entire common law actions. *Stock, supra; Thompson* v. *Ford* (1955), 164 Ohio St. 74, 79.

Section 16, Article I states in relevant part:

"All courts shall open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."

A legislative enactment will withstand a challenge on due process grounds:

"* * * if it bears a real and substantial relation to the public health, safety, morals or general welfare of the public and if it is not unreasonable or arbitrary." *Benjamin* v. *Columbus* (1957), 167 Ohio St. 103, paragraph five of the syllabus. See, also, *Mominee* v. *Schebarth* (1986), 26 Ohio St. 3d 270, 274.

As we already noted, the legislature enacted R.C. 2151.421 to encourage reporting and prosecution of child abuse. The means to achieving that goal was a statutory grant of immunity to those persons who reported instances of alleged abuse to state authorities. See *Criswell, supra; Bishop* v. *Ezonne, supra.* The blanket of immunity encourages persons who are aware of instances of abuse or neglect to come forward. *Id.* We, therefore, believe that the statute bears a real and substantial relationship to the health, safety and the general welfare of the public. Cf. *Mominee, supra.*

Furthermore, we find the legislative grant of immunity is not arbitrary or unreasonable. The due process or due course of law provisions of the Ohio Constitution require that all courts be open to every person who is injured. *Mominee, supra.* We do not believe that upholding R.C. 2151.421(G) closes the courts to persons wrongful-

ly accused of child abuse or neglect. Rather, it permits child welfare authorities to receive reports and investigate allegations of abuse that might otherwise go unreported. The statute only precludes a civil or criminal action against those who report suspected abuse to the child services board or a municipal or county peace officer, who are compelled to investigate in confidence. See R.C. 2151.421(B), (G) and (H). A person who makes an allegation of child abuse to anyone, other than a municipal or county peace officer, the child services board or the county equivalent of the child services board, is not entitled to R.C. 2151.421(G) immunity. See R.C. 2151.421(B).

Our ruling today is not unique. Construing a similar immunity statute in light of a constitutional provision guaranteeing every person a right to a remedy for any injury, the Alabama Supreme Court upheld a similar immunity provision of its child abuse reporting statute as a constitutional means to discover and end child abuse. *Harris* v. *Montgomery* (1983, Ala.), 435 So. 2d 1207. The *Harris* court reasoned that the legislation did not violate the constitutional guarantee to a remedy because the child abuse reporting statute "eradicates or ameliorates a perceived social evil and is thus a valid exercise of the police power." *Id.* at 1213. The Alabama court further justified the immunity provision as valid because it provided a means of securing federal funds to eradicate child abuse. The *Harris* court noted that the Federal Child Abuse Prevention and Treatment Act, 42 U.S.C. Sections 5101-5106, expressly requires states to provide immunity for those who report child abuse in order to qualify for federal assistance.

We hold that R.C. 2151.421(G) is neither violative of the due process clause of the Fourteenth Amendment nor of the due course of law provision of the Ohio Constitution.

Finally, as to the city and the Detective Cowles, the plaintiff correctly posits that summary judgment was improperly granted on her claim for a violation of her civil rights pursuant to 42 U.S.C. Section 1983.

In their motion for summary judgment, Cowles and the city claimed absolute immunity pursuant to R.C. 2151.421(G). The statute, however, merely provides a defense to a potential state law claim. Cf. *Martinez* v. *California* (1980), 444 U.S. 282. The immunity provided by the child abuse reporting statute does not control Cudlin's section 1983 claim, even though the federal cause of action of is asserted in a state court. *Martinez, supra.* "A construction of the

federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise * * *." *Id.* at 558, n. 8. A claim of immunity in a section 1983 cause of action raises a question of federal law. *Cooperman* v. *Univ. Surgical Assoc., Inc.* (1987), 32 Ohio St. 3d 191.

Cowles and the city not claim that qualified immunity shielded them from civil liability for actions they took performing discretionary governmental functions. Our review of their summary judgment motion indicates that they did not raise the issue of qualified immunity when they sought judgment, nor did they submit evidentiary materials in support of such a claim.

The defendant bears the burden of raising the qualified immunity defense and must plead facts that, if true, would establish entitlement to that defense. *Poe* v. *Hayden* (C.A. 6, 1988), 853 F. 2d 418, 425. See, also, *Dominque* v. *Telb* (C.A. 6, 1987), 831 F. 2d 673. Even though the defendants raised qualified immunity as a defense in their answer, they did not raise the defense in their motion for summary judgment. Consequently, Cudlin had no burden to come forward with evidence demonstrating the defendants were not entitled to qualified immunity. See *Poe, supra.* These defendants may not raise this defense in support of their motion for the first time on appeal. *Stemen* v. *Shibley* (1982), 11 Ohio App. 3d 263.

Accordingly, the plaintiff's sole assignment of error is well taken, in part.

> *Judgment affirmed in part,*
> *reversed in part and*
> *cause remanded.*

MATIA, J., PRYATEL, J., concur.

Sitting by assignment, Judge August Pryatel, retired form the Eighth District Court of Appeals.