"The lower court erred in granting plaintiff's motion for summary judgment where there exist issues as to material facts."

Appellants argue that they attempted to comply with the arbitrator's award when they offered Trzebuckowski full-time employment by letter dated May 6, 1985. According to appellants, this offer raises issues as to the material fact of their compliance with the award, which precludes summary judgment.

Appellants' May 6, 1985 letter does not comply with the arbitrator's award. The letter makes no mention of back pay and benefits, and does not restore Trzebuckowski's work hours. The award clearly indicated that appellants were required to continue to accommodate Trzebuckowski's full-time teaching schedule, just as they had in the past. Appellants' fourth assignment of error is without merit.

*Judgment affirmed.*

STILLMAN and MCCRYSTAL, JJ., concur.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, and JAMES L. MCCRYSTAL, J., retired, of the Erie County Court of Common Pleas, sitting by assignment.

———

**VILLAGE OF CHAGRIN FALLS, Appellant,**

**v.**

**CHAGRIN FALLS TOWNSHIP TRUSTEES et al., Appellees.**

[Cite as *Chagrin Falls v. Chagrin Falls Twp. Trustees* (1990), 69 Ohio App.3d 133.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57229.

Decided Aug. 13, 1990.

134

*Joseph W. Diemert, Jr.,* for appellant.

*John T. Corrigan,* Prosecuting Attorney, *Patrick J. Murphy* and *Michael P. Butler,* Assistant Prosecuting Attorneys; *Anthony J. Celebrezze, Jr.,* Attorney General, for appellees.

---

PATTON, Chief Justice.

Plaintiff-appellant village of Chagrin Falls ("village") appeals from the trial court's grant of summary judgment in favor of the Chagrin Falls Township Trustees ("township") and the Cuyahoga County Board of Commissioners ("board").

The village is an incorporated village pursuant to the laws of the state of Ohio. The township is comprised of the incorporated village plus an unincorporated area of approximately .52 square miles. About 37 families reside in the unincorporated area and about 1,173 families reside in the village.

The taxpayers of the village are paying 1.2 mill to the unincorporated portion of the township to provide services to its approximately 37 families, such as police and fire protection and rubbish collection. The village has made repeated attempts for annexation by petitioning the board pursuant to R.C. Chapter 503, but the attempts have been unsuccessful. Moreover, the township has refused to annex itself to the village pursuant to R.C. Chapter 709. The township has also refused to rescind taxes levied against residents of the village which benefit the unincorporated area of the township.

The village has also applied to the board for a change in the boundaries. The village requested that the boundaries of the township and village be made identical, excluding the unincorporated section. However, the board has repeatedly denied the village's application for such boundary changes, citing the prohibitions contained in R.C. 503.03.

The village asked for declaratory relief from the lower court seeking a declaration that R.C. 503.03, 503.07 and 503.08 are unconstitutional on their face and/or as applied because those sections prohibit (1) the change of the township boundaries, or (2) the automatic incorporation of the unincorporated area into the village boundaries. The village also sought the abolishment of the township form of government and the redistricting of the village and township to make their respective boundaries the same.

The village filed a motion for summary judgment advancing general arguments that the three aforementioned statutes are unconstitutional because (1) they violate the Fourteenth Amendment Equal Protection and Due Process Clauses of the United States Constitution, and (2) the levying of taxes by the township for the benefit of the unincorporated area violates Section 5, Article XII of the Ohio Constitution.

The township filed a brief in opposition to the village's motion for summary judgment together with a counter-motion for summary judgment asserting, *inter alia,* that the village had failed to satisfy its burden of proving the statutes were unconstitutional and, even if the village did satisfy its burden, the statutes are constitutional.

It is from the trial court's grant of the township's counter-motion for summary judgment that the village timely appeals, assigning one error for review by this court:

"The court below erred in granting appellee's motion and denying appellant's motion for summary judgment as appellant village of Chagrin Falls is entitled to summary judgment as a matter of law as Sections 503.03, 503.07, and 503.08 of the Ohio Revised Code are unconstitutional on their face and/or as applied to appellant in this instance."

The village posits that the trial court erred in granting the township's counter-motion for summary judgment, thereby erroneously determining that the statutes were not unconstitutional. This contention lacks merit.

This court, in reviewing the granting of summary judgment, must follow the standard set forth in Civ.R. 56(C), which provides that before summary judgment may be granted, it must be determined that:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears

from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274." *Stegawski v. Cleveland Anesthesia Group, Inc.* (1987), 37 Ohio App.3d 78, 82, 523 N.E.2d 902, 907. Moreover, the party seeking summary judgment bears the burden of showing, through evidentiary materials, that no genuine issue of material fact exists for trial. *Buemi v. Mutual of Omaha Ins. Co.* (1987), 37 Ohio App.3d 113, 115, 524 N.E.2d 183, 185, citing *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. If the moving party successfully establishes the absence of a genuine issue of material fact, summary judgment must be granted. *Buemi, supra,* citing *Rodger v. McDonald's Restaurant of Ohio, Inc.* (1982), 8 Ohio App.3d 256, 8 OBR 347, 456 N.E.2d 1262.

Importantly, " * * * the nonmoving party has a burden of rebuttal to supply evidentiary materials supporting his position, when the moving party presents evidentiary materials which deny that claim." (Citation omitted.) *Whiteleather v. Yosowitz* (1983), 10 Ohio App.3d 272, 275, 10 OBR 386, 390, 461 N.E.2d 1331, 1336. "In [this] situation, the nonmoving party cannot rely on bare pleadings unsupported by evidentiary material. Civ.R. 56(E)." (Citation omitted.) *Id.*

 Further, in reviewing this action as one for declaratory relief, issues of fact and law must be determined in the same manner as in other civil cases. *Schneider v. Simic's Mobil Station* (Oct. 23, 1986), Cuyahoga App. Nos. 51193 and 51194, unreported, at 8, 1986 WL 11964, citing R.C. 2721.02. The burden of proof is on the plaintiff in declaratory judgment actions. *Id.,* citing *Pioneer Mut. Cas. Co. v. Oualls* (1957), 104 Ohio App. 15, 4 O.O.2d 65, 146 N.E.2d 612.

In this case, the village did not meet its burden of proof in declaring the challenged statutes unconstitutional.

 As a general rule, "[a]ll legislative enactments enjoy a presumption of constitutionality." *Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St.3d 193, 199, 551 N.E.2d 938, 944, citing *Hardy v. VerMeulen* (1987), 32 Ohio St.3d 45, 48, 512 N.E.2d 626, 629. Courts must apply all presumptions and germane rules of construction to uphold the challenged statutes if at all possible. *Sedar, supra,* citing *State v. Dorso* (1983), 4 Ohio St.3d 60, 61, 4 OBR 150, 151, 446 N.E.2d 449, 450. A statute can be declared invalid only when its unconstitutionality is shown beyond a reasonable doubt. *Bd. of Edn. v. Walter* (1979), 58 Ohio St.2d 368, 376, 12 O.O.3d 327, 332, 390 N.E.2d 813, 819.

The limitations placed upon the legislature by the state and federal equal protection provisions " 'require the existence of reasonable grounds for making a distinction between those within and those outside a designated class. * * * ' " *Sedar, supra,* 49 Ohio St.3d at 203, 551 N.E.2d at 947. "Where, as here, the legislative distinctions do not affect a 'suspect class' or infringe upon a fundamental right, and impinge on mere economic interests, courts apply a rational basis test[.]" *Sedar, supra.*

■ Such statutory classifications do not violate the Equal Protection Clause if they bear "a rational relationship to a legitimate governmental interest." *Menefee v. Queen City Metro.* (1990), 49 Ohio St.3d 27, 29, 550 N.E.2d 181, 182. See, also, *Kinney v. Kaiser Aluminum & Chemical Corp.* (1975), 41 Ohio St.2d 120, 123, 70 O.O.2d 206, 208, 322 N.E.2d 880, 883; *Porter v. Oberlin* (1965), 1 Ohio St.2d 143, 30 O.O.2d 491, 205 N.E.2d 363. The rational basis test requires us to uphold a statute unless the classification is "wholly irrelevant to achievement of the state's purpose." (Emphasis omitted.) *Menefee, supra,* citing *McGowan v. Maryland* (1961), 366 U.S. 420, 425, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393, 398.

R.C. 503.03 states in pertinent part:

"No township shall be laid off containing less than twenty-two square miles, or have its boundaries so changed as to reduce its territory below that quantity, unless it includes a municipal corporation, except as provided by sections 503.09 to 503.13, inclusive, of the Revised Code. * * * "

R.C. 503.07 states in pertinent part:

"When the limits of a municipal corporation do not comprise the whole of the township in which it is situated, or if by change of the limits of such corporation include territory lying in more than one township, the legislative authority of such municipal corporation, by a vote of the majority of the members of such legislative authority, may petition the board of county commissioners for a change of township lines in order to make them identical, in whole or in part, with the limits of the municipal corporation, or to erect a new township out of the portion of such township included within the limits of such municipal corporation. The board, on presentation of such petition, with the proceedings of the legislative authority authenticated, at a regular or adjourned session, shall upon the petition of a city change the boundaries of the township or erect such new township, and may upon the petition of a village change the boundaries of the township or erect such new township."

R.C. 503.08 states in pertinent part:

"In making a change of boundaries as provided by section 503.07 of the Revised Code, if any township not having a municipal corporation within its

limits is reduced in territory to less than twenty-two square miles, it may thereupon be annexed by the board of county commissioners to any contiguous township, or the board may annex thereto territory from an [*sic*] contiguous township and erect a new township. If a majority of the householders of such reduced township, outside the limits of a municipal corporation, petition for such annexation, the board may erect such reduced township into a new township."

■ The village does not set forth arguments that a classification is advanced by the challenged statutes and that the alleged classification does not bear any rational relationship to a legitimate government objective.

As the nonmoving party in the summary judgment action and the plaintiff in a declaratory judgment action, the village had the burden of establishing that the statutes were unconstitutional beyond a reasonable doubt. The village did not come forward with any evidence that the statutes violated the Equal Protection Clause of the Fourteenth Amendment.

■ Similarly, we do not find that the statutes violated the Due Process Clause of the Fourteenth Amendment.

A legislative enactment will withstand a challenge on due process grounds " * * * if it bears a real and substantial relation to the public health, safety, morals or general welfare of the public and if it is not unreasonable or arbitrary." *Benjamin v. Columbus* (1957), 167 Ohio St. 103, 4 O.O.2d 113, 146 N.E.2d 854 paragraph five of the syllabus. See, also, *Mominee v. Scherbarth* (1986), 28 Ohio St.3d 270, 274, 28 OBR 346, 349–350, 503 N.E.2d 717, 720; *Cudlin v. Cudlin* (1990), 64 Ohio App.3d 249, 255, 580 N.E.2d 1170, 1173.

The village did not meet its burden of proving that the statutes do not bear a real and substantial relation to the general welfare of the public and are unreasonable or arbitrary.

■ Lastly, the village contends the township's levying of taxes violates Section 5, Article XII of the Ohio Constitution, which reads:

"No tax shall be levied, except in pursuance of law; and every law imposing a tax shall state, distinctly, the object of the same, to which only, it shall be applied."

The village simply makes a bold assertion that the taxes levied against it by the township serve no public necessity to the village. Without more, the trial court properly granted summary judgment in favor of the township. The village did not meet its burden.

Accordingly, the village's assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

STILLMAN and FRANKLIN, JJ., concur.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, and ROBERT V. FRANKLIN, J., retired, of the Lucas County Court of Common Pleas, sitting by assignment.