PALM BEACH MALL, INC., et al., Appellants,

v.

CUYAHOGA COUNTY BOARD OF REVISION, et al., Appellees.

[Cite as *Palm Beach Mall, Inc. v. Cuyahoga Cty.
Bd. of Revision* (1994), 96 Ohio App.3d 549.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 64702.

Decided Aug. 15, 1994.

*Armstrong, Mitchell & Damiani, Timothy J. Armstrong* and *Deborah J. Papushak,* for appellants.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *William J. Day,* Assistant Prosecuting Attorney, for appellees.

---

KRUPANSKY, Presiding Judge.

■ The appeal *sub judice* is from an October 28, 1992 judgment of the Cuyahoga County Common Pleas Court acting as an appellate court which affirmed the August 9, 1991 decision of defendant-appellee the Cuyahoga County Board of Revision ("the board"). In the instant decision, the board dismissed for lack of jurisdiction a complaint against the tax valuation of the parcel of land upon which the Richmond Mall is located. The facts are not in issue.

Plaintiff-appellant Palm Beach Mall, Inc. ("Palm Beach Inc."), whose address is 7620 Market Street, Youngstown, Ohio, is the owner of the parcel of land occupied by the Richmond Mall located in Cuyahoga County. Plaintiff-appellant Richmond Mall, Inc. ("Richmond Inc."), whose address is also 7620 Market Street, Youngstown, Ohio, leases the parcel from Palm Beach Inc. The Edward J. DeBartolo Corporation is the sole shareholder of both corporations.

For tax year 1988, the Cuyahoga County Auditor determined the fair market value of the Richmond Mall parcel of land for taxation purposes was in excess of $25 million. Palm Beach Inc. filed a complaint, thereafter, with the board pursuant to R.C. 5715.13 for a decrease in the 1988 tax valuation of the Richmond Mall parcel. The board, however, retained the value determined by the auditor and no appeal from this decision was taken.

Real estate is appraised every six years in Ohio with an interim valuation update at the end of the first three years of the sexennial appraisal. A sexennial appraisal was commenced in the tax year 1988 and, thus, the year 1988 constituted the beginning of a three-year interim period which included the years 1988, 1989 and 1990. R.C. 5715.19(A)(2), *infra,* prohibits the filing of more than one tax complaint by the same person against the valuation of a parcel of land within the same three-year interim period unless one of four statutory conditions is satisfied.

Nevertheless, for the tax year 1989, Richmond Inc. filed a complaint with the board for a decrease in the valuation of the same Richmond Mall parcel of land. The board, however, concluded Richmond Inc. and Palm Beach Inc. constituted the same entity and, therefore, Richmond Inc. was precluded from filing a complaint for tax year 1989 since Palm Beach Inc. had filed a complaint for tax year 1988. The board consequently dismissed Richmond Inc.'s tax complaint and, thereafter, an appeal was taken to the Ohio Board of Tax Appeals, which remains pending.

For the tax year 1990, Richmond Inc. again filed a complaint with the board for a decrease in the valuation of the Richmond Mall parcel. In its complaint, Richmond Inc. opined the true market value of the parcel was in excess of only $22 million. On August 9, 1991, the board again dismissed Richmond Inc.'s complaint pursuant to R.C. 5715.19(A)(2), *infra*, based upon the board's conclusion that Richmond Inc. and Palm Beach Inc. constituted the same entity. Since Palm Beach Inc. filed a tax valuation complaint in 1988 and Richmond Inc. filed a tax valuation complaint in 1989, the board reasoned that Richmond Inc. was also precluded from filing a tax valuation complaint in 1990, which was the last of the three years contained in the interim tax period.

Thereafter, appellants filed an appeal with the Cuyahoga County Common Pleas Court, from only the decision of the Board dismissing Richmond Inc.'s tax valuation complaint for the year 1990. On October 28, 1992, the common pleas court affirmed the board's decision with respect to appellants' tax complaint for the year 1990. The within appeal followed.

Appellants' first assignment of error follows:

"1. The trial court erred in affirming the board of revision's decision to apply R.C. 5715.19(A)(2) to dismiss Richmond Mall's 1990 tax complaint when the board of revision had not heard a prior complaint by Richmond Mall in the interim period."

This assignment lacks merit.

Appellants argue simply that Richmond Inc. and Palm Beach Inc. are not the same entity. They contend the board, therefore, erred when it dismissed Richmond Inc.'s tax complaint for the year 1990 pursuant to R.C. 5715.19(A)(2), *infra*, and the common pleas court erred when it affirmed the board's decision.

This appellate court may not reverse the decision of the common pleas court in the appeal *sub judice* absent an abuse of discretion. In *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 260–261, 533 N.E.2d 264, 267, the Ohio Supreme Court stated in relevant part as follows:

"In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. *It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court.* The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion * * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. * * * *Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment.*" (Emphasis added.)

R.C. 5715.19(A)(1) states in relevant part as follows:

"Any person[1] *owning* taxable real property in the county or in a taxing district with territory in the county, the board of county commissioners, the prosecuting attorney or treasurer of the county, the board of township trustees of any township with territory within the county, the board of education of any school district with any territory in the county, or the mayor or legislative authority of any municipal corporation with any territory in the county may file such a complaint regarding any such determination affecting any real property in the county * * *. (Emphasis added.)

In the case *sub judice*, the record contains the brief of appellees filed in the common pleas court on October 1, 1992. Exhibit B of this brief is a copy of stipulations of fact signed by counsel for appellants and the board. Stipulation No. 3 states as follows:

"Appellant Richmond Mall, Inc. is a *ground lessee* of the Subject Property." (Emphasis added.)

Stipulation No. 4 states as follows:

"The *owner* of the Subject Property is Palm Beach Mall, Inc. (hereafter 'Property Owner')." (Emphasis added.)

As noted *supra*, R.C. 5715.19(A)(1) limits those persons who may file a tax complaint and does not grant Richmond Inc., as ground lessee, the right to file a tax complaint.[2] Since Richmond Inc., by virtue of being ground lessee, did not possess a cause of action, the board properly dismissed its tax complaint for the year 1990.

R.C. 5715.13, however, states in relevant part as follows:

"The county board of revision shall not decrease any valuation complained of unless the party affected thereby *or his agent* makes and files with the board a written application therefor * * *." (Emphasis added.)

Construing R.C. 5715.13 and 5715.19(A)(1), *supra, in pari materia*, therefore, leads to the conclusion that either an *owner* or an *agent of the owner* may file a tax complaint. This conclusion does not, however, cause appellants to prevail.

R.C. 5715.19(A)(2) states in relevant part as follows:

---

1. R.C. 5701.01 defines "person" to include "firms, companies, associations, and corporations."

2. See *Public Square Tower One v. Cuyahoga Cty. Bd. of Revision* (1986), 34 Ohio App.3d 49, 53, 516 N.E.2d 1280, 1284, in which this appellate court stated in relevant part as follows: "Neither the code nor the complaint form requires notice to a *tenant* who pays the owner's property taxes, despite that tenant's concern about valuation changes. The tenant's interest derives from a private agreement with the current landowner."

"No person * * * shall file a complaint against the valuation or assessment of any parcel * * * if *it* filed a complaint against the valuation or assessment of that parcel for any prior tax year in the same interim period, unless the person * * * alleges that the valuation or assessment should be changed due to one or more of the following circumstances * * *:

"(a) The property was sold in an arm's length transaction * * *;

"(b) The property lost value due to some casualty;

"(c) Substantial improvement was added to the property;

"(d) An increase or decrease of at least fifteen per cent in the property's occupancy has had a substantial economic impact on the property."   (Emphasis added.)

In the case *sub judice,* the record contains neither evidence Richmond Inc. was the agent of Palm Beach Inc. nor an allegation to this effect.   However, if Richmond Inc. were the agent of Palm Beach Inc. then, pursuant to agency law, the tax complaint for the year 1990, although filed by Richmond Inc., was actually filed on behalf of its principal Palm Beach Inc.[3]   The year 1990 was contained in the same three-year interim tax period as the years 1988 and 1989.   Palm Beach Inc. failed to claim in its tax complaint for the year 1990 the existence of any of the circumstances stated in R.C. 5715.19(A)(2), subsections (a) through (d), *supra,* which would have granted the board jurisdiction to hear the complaint.   Palm Beach Inc., therefore, was precluded by R.C. 5715.19(A)(2) from filing the tax complaint for the year 1990, if Richmond Inc. were the agent of Palm Beach Inc., as Palm Beach Inc. filed a tax decrease complaint for the year 1988, which the board denied.   This denial, in fact, was never appealed by Richmond Inc. or Palm Beach Inc.

Thus, it is evident that Richmond Inc., as ground lessee of the subject parcel, was precluded by R.C. 5715.19(A)(1) from filing a tax complaint since the statute does not provide that a ground lessee may institute such action.   In addition, although R.C. 5715.13 permits an agent of the owner to file a tax complaint, if Richmond Inc. were the agent of Palm Beach Inc. and acted in the capacity of agent when it filed the tax complaint for the year 1990, Palm Beach Inc. would be deemed to have actually filed the tax complaint and pursuant to R.C. 5715.19(A)(2), the board was required to dismiss the complaint for the year 1990.

---

3.   R.C. 1339.03 states in relevant part as follows:

   "(B) 'Fiduciary' includes * * * an * * * agent * * * or any other person acting in a fiduciary capacity for any person * * *;
   "* * *
   "(D) 'Principal' includes any person to whom a fiduciary as such owes an obligation."

Based upon the foregoing analyses, the board properly dismissed the tax complaint filed by Richmond Inc. for the year 1990. Thus, it cannot be said the common pleas court acted with perversity of will, passion, prejudice, partiality, or moral delinquency when it affirmed the board's decision. Appellants' first assignment of error lacks merit and, therefore, is overruled.

Appellants' second assignment of error follows:

"2. The trial court erred in failing to find that R.C. 5715.19(A)(2) violates the due process clauses of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution."

This assignment also lacks merit.

■ The right of due process provided for in the Ohio Constitution[4] is equivalent to the right of due process afforded by the Fourteenth Amendment to the United States Constitution.[5] *Envirosafe Serv. of Ohio, Inc. v. Oregon* (1992), 80 Ohio App.3d 516, 609 N.E.2d 1290. It is axiomatic that courts must presume the constitutionality of legislative enactments. *Mominee v. Scherbarth* (1986), 28 Ohio St.3d 270, 28 OBR 346, 503 N.E.2d 717; *Envirosafe, supra; Chagrin Falls v. Chagrin Falls Twp. Trustees* (1990), 69 Ohio App.3d 133, 590 N.E.2d 290; *Lorain v. Davidson* (1989), 65 Ohio App.3d 408, 584 N.E.2d 744. The presumption can be overcome only by proof beyond a reasonable doubt that the legislation and the Constitution are clearly incompatible. *State ex rel. Swetland v. Kinney* (1982), 69 Ohio St.2d 567, 23 O.O.3d 479, 433 N.E.2d 217; *Chagrin Falls, supra; Davidson, supra.* The party challenging the constitutionality of a legislative enactment bears the burden of providing such proof. *Chagrin Falls, supra.*

■ Where fundamental rights are not involved, due process is satisfied if the legislative enactment rationally relates to any possible legitimate end of government. *Envirosafe, supra.* A legislative enactment will survive a challenge based upon due process if the enactment bears a real and substantial relation to the public health, safety, morals or general welfare of the public and if it is not unreasonable or arbitrary. *Benjamin v. Columbus* (1957), 167 Ohio St. 103, 4

---

4. Section 16, Article I, Ohio Constitution states in relevant part as follows: "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."

5. The Fourteenth Amendment to the United States Constitution states in relevant part as follows: "nor shall any State deprive any person of life, liberty, or property, without due process of law * * *."

O.O.2d 113, 146 N.E.2d 854; *Mominee, supra; Envirosafe, supra; Chagrin Falls, supra.*

In the case *sub judice*, appellants provided no evidence demonstrating beyond a reasonable doubt that R.C. 5715.19(A)(2) is not compatible with the Due Process Clauses of the Ohio and federal Constitutions. In 1988, the General Assembly amended R.C. 5715.19 in order to promote the orderly administration of Ohio's tax laws by county boards of revision, county and state officials. Thus, the legislative enactment reaches the general welfare of the public and rationally relates to a legitimate end of state government. *Benjamin, supra; Envirosafe, supra.* Furthermore, appellants have failed to demonstrate R.C. 5715.19(A)(2) is an unreasonable or arbitrary means by which to promote the orderly administration of the state's tax laws. *Benjamin, supra.*

In *State ex rel. Poe v. Jones* (1894), 51 Ohio St. 492, 516, 37 N.E. 945, 952, the Supreme Court stated in relevant part as follows:

"[W]henever * * * a tax * * * is imposed upon property * * * and [the tax] laws provide for a *mode of confirming or contesting the charge thus imposed in the ordinary courts of justice, with such notice to the person, or such proceeding in regard to the property, as is appropriate to the nature of the case,* the judgment in such proceedings cannot be said to deprive the owner of his property without due process of law, however obnoxious it may be to other objections." (Emphasis added.)

Since R.C. 5715.19 provides for notice and for a reasonable mode of contesting the county tax assessment, it does not violate due process.

Appellants, however, argue to the contrary, noting that R.C. 5715.19(A)(2) effectively precludes a party from filing a complaint against the valuation or tax assessment of a parcel of land more than once every three years unless one or more of four circumstances is present. Appellants contend that such restriction violates the Due Process Clauses of the federal and Ohio Constitutions since the county auditor possesses authority to revalue and assess property at any time during the sexennial assessment period when the auditor finds the values have changed.

Appellants argue, however, about a hypothetical situation in which an auditor revalues and assesses a parcel of land but, pursuant to R.C. 5715.19(A)(2), the owner of the land must wait one or two years before challenging the revaluation and assessment, *i.e.,* the determination by the auditor is not subject to immediate review and the property owner, thus, is not afforded "a full opportunity for relief against improper valuations." Appellants do not contend, however, that this

situation comports with the facts in the appeal *sub judice*. In actuality, the county auditor determined the fair market value of the Richmond Mall parcel for the tax year 1988 but did not revalue and assess the parcel for the tax years 1989 or 1990.

In *Davidson, supra,* 65 Ohio App.3d at 412, 584 N.E.2d at 746, the court stated in relevant part as follows:

"The traditional rule is that a person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the court." Accord *Cleveland Gear Co. v. Limbach* (1988), 35 Ohio St.3d 229, 520 N.E.2d 188; *Petrocon v. Kosydar* (1974), 38 Ohio St.2d 264, 67 O.O.2d 332, 313 N.E.2d 373.

Based upon *Davidson,* we may not consider the constitutionality of R.C. 5715.19(A)(2) with respect to appellants' hypothetical situation. Furthermore, this appellate court declines to issue advisory opinions with regard to hypothetical issues not ripe for adjudication. On the contrary, this court adheres to the following principle articulated in relevant part in *Kinney, supra,* 69 Ohio St.2d at 575, 23 O.O.3d at 484, 433 N.E.2d at 222:

"[I]t is not on slight implication and vague conjecture that the Legislature is to be pronounced to have transcended its powers, and its acts to be considered as void."

Based upon the foregoing analyses, appellants' second and final assignment of error lacks merit and, therefore, is overruled.

*Judgment affirmed.*

NUGENT and WEAVER, JJ., concur.