DECISION.
In this administrative appeal, we must determine whether the trial court abused its discretion in reversing the Hamilton County Board of Revision's (BOR) determination that appellee OTR was barred from challenging the auditor's valuation of its real property for the tax year 1997. Because we conclude that the trial court did not abuse its discretion, we affirm its judgment.
 FACTS AND PROCEEDINGS
From late 1987 until April 1, 1997, OTR and Atrium Two Development Co. (Atrium Two) were co-owners of the Atrium Two office building located in downtown Cincinnati, with OTR having an undivided seventy-percent interest in the property and ATDC holding the remaining thirty-percent interest. ATDC also provided the management for the property under the terms of the co-tenancy agreement.
On April 1, 1997, OTR became the sole owner of the property when it purchased ATDC's thirty-percent interest for $18,300,000. Before the closing date of the purchase, however, ATDC filed a complaint with the county auditor seeking a reduction in the assessed value of the property for the 1996 tax year. Pointing to the purchase price in the pending transaction, ATDC maintained that the property's assessed value should be reduced from $78,000,029 to $61,000,000.
Following a hearing on ATDC's complaint, the BOR concluded that a reduction in the property's value was not warranted. OTR, having then become the sole owner of the property, appealed the decision to the Board of Tax Appeals (BTA). According to the parties, that appeal has yet to be decided by the BTA.
In March, 1998, OTR filed its own complaint with the BOR, seeking a reduction in the assessed value of the property for the 1997 tax year. OTR's cited justification for this request was the same as that cited the previous year by ATDC: the $18,300,000 purchase price for the one-third interest in the property. Without reviewing its merits, the BOR dismissed OTR's complaint, concluding that R.C. 5715.19's prohibition against duplicative filings within a single triennium barred OTR from challenging the auditor's valuation of the property. OTR appealed the dismissal to the Hamilton County Court of Common Pleas, which concluded that the BOR had erred in dismissing OTR's complaint. The common pleas court then reinstated the complaint and remanded the matter to the BOR. Raising two assignments of error, the Hamilton County Auditor and the Cincinnati Board of Education now appeal that judgment to this court.
 ASSIGNMENTS
In their first assignment of error, the appellants assert that the trial court erred in reversing the BOR's dismissal of OTR's complaint. They maintain that the complaint was properly dismissed as a second filing under R.C. 5715.19, given that a nearly identical complaint had already been filed by ATDC and considered by the BOR within the same triennium.
Pursuant to R.C. 5715.19, an owner of real property or the board of education of a school district may challenge the county auditor's valuation of a parcel of real property. R.C. 5715.19
limits the ability to challenge an assessment, however, by providing that the same "person" may not file a second complaint for the same parcel of property within the same triennium unless it alleges that one of four circumstances has arisen and that the circumstance was not taken into consideration in reviewing the prior complaint:
 No person * * * shall file a complaint against the valuation * * * of any parcel * * * if it filed a complaint against valuation * * * of that parcel for any prior tax year in the same interim period, unless the person * * * alleges that the valuation * * * should be changed due to one or more of the following circumstances * * * and that the circumstances were not taken into consideration with respect to the prior complaint:
 The property was sold in an arm's length transaction, as described in section 5713.03
of the Revised Code;
The property lost value due to some casualty;
 Substantial improvement was added to the property;
 An increase or decrease of at least fifteen percent in the property's occupancy has had a substantial economic impact on the property.
In the instant case, it was undisputed that the relevant triennium or interim period was 1996, 1997, and 1998. It was also undisputed that two complaints, both citing the 1997 purchase as the proposed basis for reducing the property's value, were filed within the triennium. Accordingly, the only issues requiring determination by the trial court were (1) whether OTR was the same "person" that had filed the 1996 complaint; and (2) whether the 1997 purchase was considered with respect to ATDC's original complaint.
Before the trial court, OTR argued that it was not the same "person" as ATDC and that R.C. 5715.19, therefore, did not operate to bar it from proceeding on the complaint. In the alternative, it argued that, even if it could be deemed to be the same "person" as ATDC, R.C. 5715.19 did not bar it from challenging the auditor's 1997 valuation because the BOR had not previously "considered" the alleged arm's-length sale as a basis to support a reduction in the 1996 valuation.
Having reviewed the record, we are unable to conclude that the trial court acted so unreasonably, arbitrarily, or unconscionably as to have abused its discretion in determining that OTR had standing to challenge the auditor's 1997 valuation of its property.[1]
Accordingly, we overrule the first assignment of error.
In the second assignment of error, appellants assert that the trial court erred in failing to permit them to supplement the record with the transcript of the proceedings before the BTA on the 1996 complaint. Appellants correctly note that R.C. 5717.05
permits a trial court reviewing a decision of the BOR to consider evidence beyond that already in the record. Whether a trial court opts to consider additional evidence, however, is a matter within its discretion.[2] Because we do not believe that the trial court's refusal to consider the transcript at issue amounted to an abuse of discretion, we overrule the assignment of error and affirm the trial court's judgment.
____________________ Per Curiam
Gorman, P.J., Sundermann and Winkler, JJ.
[1] See Palm Beach Mall, Inc. v. Cuyahoga Cty. Bd. of Revision.
(1994), 96 Ohio App.3d 549, 645 N.E.2d 767 (citing abuse of discretion as appropriate standard of review).
[2] See Black v. Bd. of Revision (1985), 16 Ohio St.3d 11,475 N.E.2d 1264.