**NORTH OLMSTED BOARD OF EDUCATION, Appellant,**

v.

**CUYAHOGA COUNTY BOARD OF REVISION et al., Appellees.**

[Cite as *N. Olmsted Bd. of Edn. v. Cuyahoga Cty.
Bd. of Revision* (1998), 122 Ohio App.3d 654.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 72523 and 72524.

Decided July 27, 1998.

*Kolick & Kondzer, Thomas A. Kondzer* and *Rita M. Jarrett; Gareau & Dubelko Co., L.P.A.*, and *Michael R. Gareau*, for appellants.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Saundra Curtis–Patrick*, Assistant County Prosecuting Attorney, for appellees Cuyahoga County Board of Revision et al.

*Betty D. Montgomery*, Attorney General, for Tax Commissioner Roger Tracy.

*Armstrong, Mitchell & Damiani* and *Timothy J. Armstrong*, for appellees Toys R Us, Inc. and Cianciolo Realty Company.

---

TIMOTHY E. MCMONAGLE, Judge.

Plaintiff-appellant North Olmsted Board of Education ("appellant") appeals the determination of the Ohio Board of Tax Appeals ("BTA") wherein the BTA denied appellant's "Motion to Vacate Decision of the Cuyahoga County Board of Revision and Dismiss BTA's Complaint No. 95–T–119" and found that defendant-appellee Toys R Us, Inc. had standing to bring a complaint for decrease in property valuation before the board of revision. For the reasons stated below, we reverse the decision and order of the BTA and vacate the decision of the Cuyahoga County Board of Revision as having been made without jurisdiction.

The facts giving rise to this appeal are as follows. Cianciolo Realty Company owns the subject property located in the North Olmsted taxing district of Cuyahoga County, which consists of approximately 4.4 acres improved with a one-

story, 45,247 square foot masonry structure. Toys R Us is a tenant pursuant to a ground lease agreement with Cianciolo Realty Company signed May 26, 1989 (a thirty-year lease which provides for five five-year renewals). On March 29, 1994, in its own capacity as tenant, Toys R Us, Inc. filed a complaint with the board of revision seeking a decrease in the 1993 taxable value of this real property. On April 15, 1994, the city of North Olmsted and the North Olmsted Board of Education filed countercomplaints to protect the auditor's value of the property. On August 21, 1995, a hearing was held at which the North Olmsted Board of Education moved the board of revision to dismiss the complaints of Toys R Us for lack of jurisdiction, asserting that R.C. 5715.19 does not allow a tenant who is not the owner of property to file a complaint for a decrease in valuation, that the filing requirements of R.C. 5715.19 are jurisdictional prerequisites to invoking the jurisdiction of a board of revision, and that failure to comply with the statutory requirements results in a complete failure to invoke the jurisdiction of the board of revision to hear the complaint. After posthearing briefing on the issue of the standing of Toys R Us to bring the complaint, the Cuyahoga County Board of Revision found that Toys R Us had standing, determining that "Toys 'R' Us is the owner of the building, is paying taxes; therefore, this board believes it has jurisdiction to hear this complaint." The board of revision granted a slight decrease in valuation of the property. Both Toys R Us and the board of education appealed the board of revision's decision to the Ohio BTA. Toys R Us challenged the amount of decrease granted, and the board of education challenged the board of revision's finding of jurisdiction and its granting of a decrease in valuation. On September 26, 1996, the North Olmsted Board of Education filed its "Motion to Vacate the Decision of Cuyahoga County Board of Revision and to Dismiss Board of Tax Appeals' Complaint No. 95–T–1196." The board of education filed a memorandum in support of its motion, asserting that R.C. 5715.19 does not allow a tenant who is not the owner of the property to file a complaint for a decrease in valuation. No other party filed briefs either in support of or in opposition to the motion. On April 18, 1997, the BTA entered its decision and order in appeal Nos. 95–T–1157 and 95–T–1158, wherein it held, "The complaint in issue is a decrease complaint. While R.C. 5719.19 [*sic*, 5715.19] permits '[a]ny person owning taxable real property in the county' to file a complaint with the county auditor, R.C. 5715.13 prevents a Board of Revision from decreasing a challenged valuation save where the complaint is filed by 'the party affected by [that valuation] or his agent.' " This opinion went on to state: "Complainants must fully comply with R.C. 5715.19 and 5715.13 before a county board of revision may act on their claims. *Stanjim Co. v. Mahoning Cty. Bd. of Revision* (1974), 38 Ohio St.2d 133 [233], 67 O.O.2d 296, 313 N.E.2d 14." Then, concluding that Toys R Us made a significant financial investment in the property and was contractually responsible for the payment of the real property taxes and,

moreover, that both the courts and the board had long held that a lessee of a property may stand in the stead of a property owner, the BTA found that Toys R Us had standing to file a complaint for a decrease, as "it is a 'party affected thereby or his agent.' R.C. 5715.13" and that Toys R Us qualified as a real party in interest. It is from this decision that appellant, the board of education, brings its appeals pursuant to R.C. 5717.04. On June 16, 1997, this court granted appellant's motion to consolidate these appeals for record, briefing, hearing, and disposition. Appellant North Olmsted Board of Education advances one assignment of error for our review:

"The Ohio Board of Tax Appeals erred when it determined that a tenant of real property has standing to file a decrease complaint with the county board of revision."

In its sole assigned error, the North Olmsted Board of Education contends that the board of revision was without jurisdiction to hear the complaint for decrease brought by Toys R Us. Specifically, the board of education complains that BTA erred when it denied the board of education's motion to vacate the decision of the board of revision that Toys R Us had standing to file a complaint for a decrease even where compliance with R.C. 5715.19 had not been met, where Toys R Us does not own the subject property and where Toys R Us was not the "party affected," as required by R.C. 5715.13. On the other hand, appellee, Toys R Us, contends that it had standing to file a complaint for a decrease because it is both the lessee of the property and the true party in interest due to its contractual obligation to pay the real estate taxes.

The statutory sections which govern the standing of a party to file a complaint for decrease in valuation with a board of revision are R.C. 5715.19 and R.C. 5715.13.

R.C. 5715.19(A)(1) provides:

"Any person owning taxable real property in the county or in a taxing district with territory in the county * * * may file such a complaint regarding any such determination affecting any real property in the county * * *."

R.C. 5715.13 provides:

"The county board of revision shall not decrease any valuation complained of unless the party affected thereby or his agent makes and files with the board a written application * * *."

Toys R Us argues that as the "party affected" it has standing to bring a complaint for decrease pursuant to R.C. 5715.13. During the proceedings below, Toys R Us made no offer of evidence to show compliance with the requirements of R.C. 5715.19. The board of education contends that this failure of Toys R Us

to demonstrate compliance with the requirements of R.C. 5715.19 resulted in its failure to invoke the jurisdiction of the board of revision. We agree.

On the eve of oral argument in the matter *sub judice,* our Supreme Court decided the issue before us. In *Soc. Natl. Bank v. Wood Cty. Bd. of Revision* (1998), 81 Ohio St.3d 401, 692 N.E.2d 148, the court found that consideration of the matter of standing to maintain a complaint for a decrease starts with R.C. 5715.19, which lists the persons and entities that have standing to file a complaint.

In the matter *sub judice,* as in *Society,* the party filing the complaint for decrease with the board of revision argued primarily that it was the "party affected" within the meaning of R.C. 5715.13 and, consequently, had standing to file a complaint for a decrease, thus invoking the jurisdiction of the board of revision. The Supreme Court in *Society,* however, determined that the consideration of standing begins with analysis pursuant to R.C. 5715.19, not with R.C. 5715.13. The Supreme Court further determined that when a party files a complaint against the property of another, as here, the burden is on that party to prove that he or she has standing. The court found that Society National Bank had the burden of proving standing to bring its complaint and, having failed to do so, Society National Bank failed to invoke the jurisdiction of the board of revision. The court then affirmed the dismissal of Society National Bank's complaint for its failure to have invoked the jurisdiction of the board of revision. *Society* instructs us that the sections of the statute are to be read *in pari materia.* The court concluded that the threshold determination to be made when considering whether a party has standing to maintain a complaint for a decrease is whether the party (or its authorized agent) owns property in the county or taxing district with territory in the county, and, if the property at issue is property owned by another, then it is incumbent upon the party complaining to prove that he is such a property owner and to show that he is a "party affected" by the valuation. When a party has failed to fulfill the requirements of both statutory sections, R.C. 5715.19 and R.C. 5715.13, the board of revision is without jurisdiction to hear a complaint for decrease in valuation.

"The general rule is that a decision of the Supreme Court interpreting a statute is retrospective in its application * * *." *Anello v. Hufziger* (1988), 48 Ohio App.3d 28, 30, 547 N.E.2d 1220. However, a high court decision will not be applied retroactively if the decision meets three separate factors. The factors to be considered are whether the decision is one of first impression that was not clearly foreshadowed, whether retrospective application will retard the operation of the statute, and whether retrospective application will produce substantial inequitable results. *Id.* at 30, 547 N.E.2d at 1221–1222.

■ We acknowledge that the Supreme Court, in its decision in *Society, supra,* created the harsh result that the initial failure to prove standing pursuant to R.C. 5715.19 constitutes a failure to invoke the jurisdiction of the board of revision, requiring dismissal of the complaint for decrease rather than a remand for the opportunity to present evidence of standing. However, we find the decision of the Supreme Court in *Society* to be both consistent and foreshadowed by the decisions which have come before. In *Stanjim Co. v. Mahoning Cty. Bd. of Revision* (1974), 38 Ohio St.2d 233, 67 O.O.2d 296, 313 N.E.2d 14, the court instructed us that full compliance with R.C. 5715.19 and R.C. 5715.13 is necessary; the court in *Palm Beach Mall, Inc. v. Cuyahoga Cty. Bd. of Revision* (1994), 96 Ohio App.3d 549, 553, 645 N.E.2d 767, 770, determined that these statutes are to be construed *in pari materia*; in *Middleton v. Cuyahoga Cty. Bd. of Revision* (1996), 74 Ohio St.3d 226, 227, 658 N.E.2d 267, the court, citing *Stanjim, supra,* told us that complainants must fully comply with both statutory sections (although *Middleton* further stated that R.C. 5715.13 "controls the filing of complaints seeking decreases," it is this statutory section which restricts the board of revision's power to reduce property values, and, hence, does control the authority of the board to reduce the property value); finally, in *Buckeye Foods v. Cuyahoga Cty. Bd. of Revision* (1997), 78 Ohio St.3d 459, 460–461, 678 N.E.2d 917, 918–919, the court stated that R.C. 5715.19 sets forth the general complaint process, and R.C. 5715.13 "prevents a board of revision from decreasing any valuation complained of unless filed by 'the party affected thereby or his agent.' " Moreover, although the BTA acknowledged in its opinion that prior case law required both sections of the statute to be read together to determine the standing of Toys R Us, the board simply went on to decide that Toys R Us had standing solely on the basis of being the "party affected" by the valuation and failed to address the statutory requirements of R.C. 5715.19.

Upon a careful review of the factors enumerated in *Anello* which provide guidance for determining whether an exception to a retrospective application of a decision of the Supreme Court should be made, we find that the decision of the court in *Society* was clearly foreshadowed by the cases decided before. Moreover, we do not see that retrospective application will retard the operation of the statute, nor will the retrospective application produce a substantial inequitable result. Consequently, we conclude that there is no need to deviate from the generally accepted principle that the decision of the Supreme Court, when interpreting a statutory enactment, should be applied retrospectively, and we find that the decision in *Society* should be applied retroactively in accordance with the general rule.

It is undisputed that Toys R Us does not own the property in question. Thus, pursuant to R.C. 5715.19, it became the burden of Toys R Us to prove that it

owned other taxable real property in the county at the time it filed its complaint. Toys R Us failed to show that it met the threshold standing requirement of R.C. 5715.19(A)(1), and, consequently, it failed to invoke the jurisdiction of the board of revision. *Society, supra.*

In consideration of the foregoing case law and the facts of this case and in reliance on the decision of our Supreme Court as announced in *Soc. Natl. Bank v. Wood Cty. Bd. of Revision,* we find that the BTA erred in its denial of North Olmsted Board of Education's motion to vacate the determination of the board of revision wherein the assessed taxable value of the property in question was decreased (appeal Nos. 95–T–1151 and 95–T–1158), as having been made without jurisdiction. The decision of the BTA affirming the board of revision is reversed, and the decision of the board of revision is vacated as having been made without jurisdiction.

*Judgment reversed.*

JAMES D. SWEENEY, J., concurs.

DYKE, P.J., dissents.

DYKE, Presiding Judge, dissenting.

I respectfully dissent. I believe that the Supreme Court's pronouncements in *Society Natl. Bank v. Wood Cty. Bd. of Revision* (1998), 81 Ohio St.3d 401, 692 N.E.2d 148, should not be applied retrospectively, but rather should be applied prospectively. I would therefore reverse and remand in order for the Board of Tax Appeals to determine whether Toys R Us owns taxable real property in Cuyahoga County or in a taxing district with territory in the county.

As the majority notes, the Supreme Court's recently announced decision in *Society Natl. Bank v. Wood Cty. Bd. of Revision, supra,* indicates that the complainant bears the burden of demonstrating that it has standing. The court further explained that resolution of this issue must start with whether that party has met the requirements of R.C. 5715.19. The court additionally noted that the "complainant need not own the subject property as long as the complainant owns taxable real property in the county at the time the complaint is filed." *Id.* at 403, 692 N.E.2d at 150. Finally, the court held that following a determination of this initial question, consideration of whether the complainant meets the requirements of R.C. 5715.13 then becomes relevant.

In determining the correct manner of applying these newly enunciated principles, this court must consider the following questions:

Is the decision one of first impression that was not clearly foreshadowed?

Will retrospective application retard the operation of the statute, considering its prior history, purpose, and effect?

Will the retrospective application produce substantial inequitable results or hardship? See *Anello v. Hufziger* (1988), 48 Ohio App.3d 28, 30, 547 N.E.2d 1220, 1221–1222.

Herein, the board of education notes that in *Stanjim Co. v. Mahoning Cty. Bd. of Revision* (1974), 38 Ohio St.2d 233, 235, 67 O.O.2d 296, 298, 313 N.E.2d 14, 16, the Supreme Court stated that "full compliance with R.C. 5715.19 and 5715.13 is necessary before a county board of revision is empowered to act on the merits of a claim."

Nonetheless, subsequent to *Stanjim, supra,* courts have recognized a conflict between these two statutes. In *Middleton v. Cuyahoga Cty. Bd. of Revision* (1996), 74 Ohio St.3d 226, 227, 658 N.E.2d 267, 268, the Supreme Court stated:

"Since R.C. 5715.19 is a general statute providing who may complain about various actions taken by the auditor, R.C. 5715.13, a special statute which restricts a board of revision's power to reduce property values, controls the filing of complaints seeking decreases in a property's value. R.C. 1.51; see *Leach v. Collins* (1931), 123 Ohio St. 530, 533, 176 N.E. 77, 78." Accord *Buckeye Foods v. Cuyahoga Cty. Bd. of Revision* (1997), 78 Ohio St.3d 459, 678 N.E.2d 917 (complaints for decreases in valuation were properly dismissed where the complainant operated under a fictitious name and was "not the party affected by these complaints").

Similarly, in *Palm Beach Mall, Inc. v. Cuyahoga Cty. Bd. of Revision* (1994), 96 Ohio App.3d 549, 553, 645 N.E.2d 767, 770, this court stated:

"As noted *supra,* R.C. 5715.19(A)(1) limits those persons who may file a tax complaint and does not grant Richmond, Inc., as ground lessee, the right to file a tax complaint. Since Richmond, Inc., by virtue of being ground lessee, did not possess a cause of action, the board properly dismissed its tax complaint for the year 1990.

"R.C. 5715.13, however, states in relevant part as follows:

" 'The county board of revision shall not decrease any valuation complained of unless the party affected thereby *or his agent* makes and files with the board a written application therefor * * *.' (Emphasis added.)

"Construing R.C. 5715.13 and 5715.19(A)(1), *supra, in pari materia,* therefore, leads to the conclusion that either an *owner* or an *agent of the owner* may file a tax complaint." (Emphasis *sic.*)

Accordingly, I believe that the Supreme Court determination in *Society Natl. Bank v. Wood Cty. Bd. of Revision, supra,* that R.C. 5715.19 contains the

threshold standing requirement for invoking the jurisdiction of the Board of Tax Appeals, was not clearly foreshadowed. Rather, I believe that there was a tendency in the recent case law to recognize a conflict between R.C. 5715.19 and 5715.13 and therefore to allow standing issues to be considered in relation to whether the appellant was a "party affected" within the meaning of R.C. 5715.13, the more specific statute.

In light of this precedent, moreover, I believe that retrospective application of the newly enunciated principles would retard what has heretofore been known as the correct operation of R.C. 5715.13 and 5715.19.

As to the final question of whether retrospective application of these principles would produce substantial inequitable results or hardship, it must be emphasized that the proceedings in this matter focused entirely upon whether Toys R Us met the requirements of R.C. 5715.13. Because the clear tendency in the law was to focus upon R.C. 5715.13, the more specific statute, the administrative tribunal required no evidence as to whether Toys R Us met the requirements of R.C. 5715.19.[1] Because the pronouncements in *Society Natl. Bank, supra,* could not be foretold, the administrative tribunal required no evidence as to whether Toys R Us owned any taxable real property in the county or taxing district.

Significantly, the administrative forms did not request any information as to this issue, and the forms promulgated by the Board of Tax Appeals "represent a lawful interpretation of the minimal data requirements of R.C. 5715.19 and 5715.13." *Stanjim, supra;* see, also, *Cleveland Elec. Illum. Co. v. Lake Cty. Bd. of Revision* (1998), 80 Ohio St.3d 591, 687 N.E.2d 723.

For these reasons, I believe that retrospective application of the Supreme Court's decision in *Society Natl. Bank v. Wood Cty. Bd. of Revision, supra,* at this juncture would result in unfairness to Toys R Us, especially in light of the fact that the board of revision has determined that the assessed market value of the building should be reduced by $474,600, with a corresponding $166,110 decrease in the assessed taxable value. I would therefore reverse and remand this matter for consideration of whether Toys R Us is entitled to file a complaint pursuant to R.C. 5715.19, as that statute has been interpreted in *Society Natl. Bank v. Wood Cty. Bd. of Revision, supra.*

---

[1]. This is a key distinction between this matter and *Society Natl. Bank, supra,* as the administrative tribunal in *Society* took evidence relative to both statutes, and the administrative tribunal in this instance focused entirely upon R.C. 5715.13.