The Stanjim Co. et al., Appellants, v. Board of Revision of Mahoning County et al., Appellees.

(No. 73-886—Decided June 12, 1974.)

234

*Messrs. Forrester & Kovanda* and *Mr. Ralph D. Kovanda,* for appellants.

*Mr. Vincent E. Gilmartin,* prosecuting attorney, and *Mr. Dennis Haines,* for appellees.

*Per Curiam.* This appeal presents for our determination the question left unanswered by the Court of Appeals in *State, ex rel. Wedgewood 129 Corp.,* v. *Olenick, supra.* Appellants claim that failure to fully complete BTA Form 1 cannot be the basis for dismissal of their real property assessment complaints, when there are ''home-drawn'' documents before the county board of revision sufficient to satisfy the requirements of R. C. 5715.19 and 5715.13. Appellees reply, in sum, that BTA Form 1 has been drawn by the Board of Tax Appeals to conform to the requirements of R. C. 5715.19 and 5715.13; that compliance with those statutes is a jurisdictional prerequisite to obtaining relief from a county board of revision; that failure to fully complete BTA Form 1 subjects an applicant's complaint to

summary dismissal; and that BTA Form 1 includes the admonition that "if complainant does not comply with these sections, the board is without jurisdiction to consider the complaint."

There can be no dispute over the authority of the Board of Tax Appeals to prescribe and furnish, pursuant to R. C. 5715.29 and 5715.30, blank forms for complaints as to the assessment of real property. Indeed, R. C. 5715.30 places a mandatory duty upon the board to provide such forms, and R. C. 5715.29 requires the board to cause "the forms prescribed by it to be observed and used."

Two more basic issues, however, remain to be considered: (1) Is full compliance with R. C. 5715.19 and 5715.-13 necessary to confer jurisdiction upon a county board of revision to consider a real property overassessment claim? (2) Is BTA Form 1 a reasonable and lawful reflection of the data requirements of those statutes?

R. C. 5715.19 provides, as pertinent:

"* * * Any taxpayer may file * * * a complaint as to the valuation or assessment of his own or another's real property * * *."

"* * * Each complaint shall state the amount overvaluation, undervaluation, discriminatory valuation, or illegal valuation complained of * * *."

R. C. 5715.13 provides:

"The county board of revision shall not decrease any valuation complained of unless the party affected thereby or his agent makes and files with the board a written application therefor, verified by oath, showing the facts upon which it is claimed such decrease should be made."

The Board of Tax Appeals has read the above-quoted statutory language to mean that when a decrease in property valuation is sought, a party must state the valuation complained and must aver facts under oath to support his requested decrease. With that interpretation we have no quarrel. We further agree that full compliance with R. C. 5715.-19 and 5715.13 is necessary before a county board of revision is empowered to act on the merits of a claim.

The next question involves BTA Form 1 itself. As

noted before, the Board of Tax Appeals has unquestioned authority to promulgate such a form. We have studied carefully the questions asked on BTA Form 1, and find them to be wholly reasonable, nonoppressive, and clearly designed to elicit information required by R. C. 5715.19 and 5715.13. This is not to say that the data requested represents the sum total of all information that might rightfully be considered by a county board of revision at a hearing on an applicant's assessment complaint. The form is brief, and designedly so. It is meant to expedite orderly administrative process. It is also intended, in the words of the Board of Tax Appeals, "to give the board of revision an opportunity to investigate the truthfulness of said alleged facts prior to hearing." For these reasons, we find that BTA Form 1 represents a lawful interpretation of the minimal, data requirements of R. C. 5715.19 and 5715.13.

Appellants make much of the fact that it had been the past practice of the board of revision to accept partially completed BTA Forms 1 as sufficient, and conclude that any change in this policy should have been preceded by some sort of notice. Although one might feel some sympathy for appellants, we are compelled to point out that the cautionary statements of the reverse side of BTA Form 1 should have alerted them to the hazards of relying upon such a dubious, albeit locally sanctioned, practice.

Appellants finally complain that their constitutional and statutory rights to have their real property assessed at a uniform percentage of its market value have been violated. Because they have failed to complete BTA Forms 1, and thereby comply with the reasonable, procedural prerequisites of the Board of Tax Appeals, appellants have foregone the available opportunity to have their claims heard on the merits.

For the foregoing reasons the decision of the Board of Tax Appeals is reasonable and lawful and, therefore, is affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.