[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 226.]

**MIDDLETON, APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.**

[Cite as *Middleton v. Cuyahoga Cty. Bd. of Revision*, 1996-Ohio-184.]

*Taxation—Real property valuation—Party does not have standing to file a complaint seeking a decrease in the value of property owned by another— R.C. 5715.13, construed and applied.*

(No. 94-2109—Submitted September 14, 1995—Decided January 10, 1996.)

APPEAL from the Board of Tax Appeals, No. 93-G-1407.

———————————

{¶ 1} June C. Middleton, appellant, an owner of taxable property in Cuyahoga County, filed a complaint with the Cuyahoga County Board of Revision, an appellee, seeking to decrease the value of property owned by Stoney Run Ltd. Partnership for tax year 1991. The Cuyahoga County Auditor, an appellee, had determined the property's true value to be $7,309,800; in her complaint, Middleton claimed the property's true value to be $6,000,000. After a hearing, the board of revision confirmed the auditor's valuation and Middleton appealed the board's decision to the Board of Tax Appeals ("BTA").

{¶ 2} The BTA, citing its decision in *David J. Middleton v. Cuyahoga Cty. Bd. of Revision* (Sept. 2, 1994), BTA No. 93-G-1192, unreported, dismissed the appeal, finding that Middleton did not have standing to file a complaint seeking a decrease in the value of property owned by another. The BTA, in effect, concluded that Middleton was not "the party affected [by the valuation decrease] or his agent" under R.C. 5715.13.

{¶ 3} The cause is now before this court upon an appeal as of right.

———————————

*June C. Middleton, pro se.*

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Marilyn Cassidy*, Assistant Prosecuting Attorney, for appellees.

*Rosenzweig, Schulz & Gillombardo Co., L.P.A.*, and *Bill J. Gagliano*, urging affirmance for *amicus curiae*, Westlake Board of Education.

───────────────

**Per Curiam.**

**{¶ 4}** Middleton argues that R.C. 5715.19 renders one who files a complaint seeking a decrease in the valuation of a property owned by another to be "a party affected" under R.C. 5715.13 and able to file a complaint to decrease the value of property owned by the other taxpayer. Appellees counter that Middleton has no interest in reducing the value of the instant property, is not a party affected, and, consequently, lacks standing to seek a reduction in the value of this property.

**{¶ 5}** R.C. 5715.19 (A)(1) provides that "[a]ny person owning taxable real property in the county or in a taxing district with territory in the county * * * may file such a complaint regarding any such determination affecting any real property in the county * * *." The determinations that a property owner may complain about include property classifications, current agricultural use valuations, recoupment charges, valuations or assessments of property on the tax lists, and the total valuation of any parcel on the agricultural land tax list. R.C. 5715.19 (A)(1)(a) through (e).

**{¶ 6}** R.C. 5715.13 prevents a board of revision from decreasing "any valuation complained of unless the party affected thereby or his agent makes and files with the board a written application therefor, verified by oath, showing the facts upon which it is claimed such decrease should be made."

**{¶ 7}** Complainants must fully comply with R.C. 5715.19 and 5715.13 before a county board of revision may act on their claims. *Stanjim Co. v. Mahoning Cty. Bd. of Revision* (1974), 38 Ohio St. 2d 233, 67 O.O. 2d 296, 313 N.E. 2d 14. Since R.C. 5715.19 is a general statute providing who may complain about various

actions taken by the auditor, R.C. 5715.13, a special statute which restricts a board of revision's power to reduce property values, controls the filing of complaints seeking decreases in a property's value. R.C. 1.51; see *Leach v. Collins* (1931), 123 Ohio St. 530, 533, 176 N.E. 77, 78. This case turns on the meaning of "the party affected thereby."

{¶ 8} We hold that a party affected by a complaint to decrease the value of property is one upon whom the decrease will produce a material influence or effect. Of course, a decrease in value will produce a material effect on the property owner because it will reduce his or her taxes. On the other hand, the decrease in the value of the subject property will not have any material effect on Middleton, the owner of another property. We are unable to see how a decrease in value of the subject property will affect her.

{¶ 9} Accordingly, Middleton is not a "party affected" by the decrease in value of the subject property, and we affirm the BTA's decision because it is reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____