**[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 459.]**

**BUCKEYE FOODS, APPELLANT, *v*. CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.**

[Cite as *Buckeye Foods v. Cuyahoga Cty. Bd. of Revision*, 1997-Ohio-199.]

*Taxation—Real property valuation—Party lacks standing to file a complaint seeking a decrease in the value of property when it has no legal or financial relationship with the subject property that would qualify it as the real party in interest—R.C. 5715.13, applied.*

(Nos. 96-1577, 96-1578, 96-1579 and 96-1580—Submitted January 14, 1997— Decided May 21, 1997.)

APPEALS from the Board of Tax Appeals, Nos. 94-T-317, 94-T-320, 94-T-321 and 94-T-318.

————————————

{¶ 1} Buckeye Foods, appellant, was named as complainant in four separate complaints filed with the Cuyahoga County Board of Revision ("BOR"), appellee. Buckeye Foods did not own the property listed on the complaint, fast food restaurants; Buckeye Foods, moreover, did not lease or operate these restaurants. According to the affidavit of Michael A. Eanes, president and shareholder of Buckeye Foods, Inc., Buckeye Foods is a name he allows various corporations that he has an interest in to use in leasing and operating these restaurants.

{¶ 2} In case No. 96-1577, Buckeye Foods Limited Partnership Number One is the property's sublessee. In case No. 96-1578, Buckeye Foods-Kinsman, Inc. is the property's sublessee; in case No. 96-1579, Buckeye Foods-Harvard, Inc. is the property's sublessee; and in case No. 96-1580, Buckeye Superior/Euclid, Inc. is the property's lessee and franchisee.

{¶ 3} The complaints also gave the address of Buckeye Foods, the complainant, as:

"c/o Michael A. Eanes

Buckeye Foods, Inc.

P.O. Box 20297

Shaker Heights, OH 44120"

{¶ 4} The BOR, after a hearing, affirmed the true values that the Cuyahoga County Auditor, appellee, had placed on the properties. Buckeye Foods appealed these decisions to the Board of Tax Appeals ("BTA").

{¶ 5} At the BTA, the Cleveland Board of Education ("Cleveland"), appellee, which had filed counter-complaints, moved to dismiss the appeals. Cleveland contended that Buckeye Foods was not an owner, a party affected by the complaint, or an agent. Thus, reasoned Cleveland, Buckeye Foods lacked standing to file the complaints. The BTA agreed with Cleveland.

{¶ 6} The BTA concluded that Buckeye Foods is a fictitious name, since it does not identify any particular legal entity having an interest in the property. The BTA, even assuming that Buckeye Foods referred to Buckeye Foods, Inc., rejected the argument that Buckeye Foods, Inc., had any relationship to the subject properties. The BTA stated:

"*** Buckeye Foods is not an owner of the subject property, nor is it a lessee or sublessee. Buckeye Foods has not demonstrated that it operates, manages, or is responsible for the payment of tax for the subject property. Finally, the record supports the conclusion that Buckeye Foods has no legal or financial relationship with the subject property that would qualify it as the real party in interest. Consequently, we find that Buckeye Foods lacks standing to file a decrease complaint with the Board of Revision as it is not a 'party affected thereby or his agent.' R.C. 5715.13; *Middleton* [*v. Cuyahoga Cty. Bd. of Revision* (1996), 74 Ohio St.3d 226, 658 N.E. 2d 267]."

{¶ 7} Consequently, the BTA dismissed the cases. Buckeye Foods appealed these decisions to this court, and we consolidated the appeals.

**{¶ 8}** These causes are now before this court upon appeals as of right.

*Arter & Hadden* and *Karen H. Bauernschmidt*, for appellant.

*Armstrong, Mitchell & Damiani, Timothy J. Armstrong* and *Victor V. Anselmo*, for appellee Cleveland Board of Education.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *David Lambert*, Assistant Prosecuting Attorney, for appellees Cuyahoga County Board of Revision and Cuyahoga County Auditor.

————————————

*Per Curiam.*

**{¶ 9}** Buckeye Foods, first, claims that Cleveland waived the standing issue by not raising it at the BOR, its first opportunity to challenge Buckeye Foods' status. Cleveland replies that standing is jurisdictional and cannot be waived. We agree with Cleveland.

**{¶ 10}** According to *New Boston Coke Corp. v. Tyler* (1987), 32 Ohio St.3d 216, 218, 513 N.E. 2d 302, 305, "*** the issue of standing, inasmuch as it is jurisdictional in nature, may be raised at any time during the pendency of the proceedings. See *United States v. Storer Broadcasting Co.* (1956), 351 U.S. 192, 197 [76 S.Ct. 763, 767, 100 L.Ed. 1081, 1088]."

**{¶ 11}** These complaints were filed under R.C. 5715.19, which sets forth the general complaint process, and R.C. 5715.13, which prevents a board of revision from decreasing any valuation complained of unless filed by "the party affected thereby or his agent." *Middleton v. Cuyahoga Cty. Bd. of Revision* (1996), 74 Ohio St.3d 226, 658 N.E. 2d 267. Complaints filed under these statutes are jurisdictional. In *Stanjim Co. v. Mahoning Cty. Bd. of Revision* (1974), 38 Ohio St.2d 233, 235, 67 O.O. 2d 296, 298, 313 N.E.2d 14, 16, we held, "full compliance with R.C. 5715.19 and 5715.13 is necessary before a county board of revision is empowered to act on the merits of a claim." Accord *N. Olmsted v. Cuyahoga Cty. Bd. of Revision* (1980), 62 Ohio St.2d 218, 220, 16 O.O. 3d 249, 250, 404 N.E. 2d

757, 759 ("We held [R.C. 5715.19] to be jurisdictional in *Stanjim Co. v. Bd. of Revision* \*\*\*."). Under this authority, Buckeye Foods' standing to file valuation complaints on these properties is jurisdictional, and Cleveland could not waive its challenge to Buckeye Foods' standing.

{¶ 12} Turning to the standing question, Buckeye Foods primarily argues that "Buckeye Foods" is a generic name that refers to all the various corporations and entities in which Eanes had an interest. Thus, Buckeye Foods claims, Eanes was the party affected thereby and could file the complaints. Cleveland, of course, disagrees, as do we.

{¶ 13} We agree with the BTA that Buckeye Foods is a fictitious name. R.C. 1329.01 defines "fictitious name" as "a name used in business or trade that is fictitious and that the user has not registered or is not entitled to register as a trade name \*\*\*." R.C. 1329.10(B) prevents a person from commencing or maintaining an action in a fictitious name until the person has registered the name with the Secretary of State.

{¶ 14} A person places himself in a precarious position when he operates under a fictitious name. A person doing business under an unregistered, fictitious name lacks the legal capacity to sue. *GMS Mgt. Co. v. Axe* (1982), 5 Ohio Misc. 2d 1, 8, 5 OBR 53, 61, 449 N.E. 2d 43, 51; *Thomas v. Columbus* (1987), 39 Ohio App. 3d 53, 55-56, 528 N.E. 2d 1274, 1277.

{¶ 15} In *Queen City Valves, Inc. v. Peck* (1954), 161 Ohio St. 579, 583-584, 53 O.O. 430, 432-433, 120 N.E.2d 310, 313, we said:

"This court has no disposition to be hypertechnical and to deny the right of appeal on captious grounds but it cannot ignore statutory language which demands that certain conditions be met to confer jurisdiction upon an appellate tribunal."

{¶ 16} Because full compliance with R.C. 5715.13 is necessary and jurisdictional, we require a complainant to be an entity that has legal capacity. Buckeye Foods exists in the mind of Eanes. On the other hand, Buckeye Foods

Limited Partnership Number One, Buckeye Superior/Euclid, Inc., Buckeye Foods-Kinsman, Inc., and Buckeye Foods-Harvard, Inc., which have legal relationships with the disputed properties, exist in the records of the Secretary of State's Office. These latter entities are real, but Buckeye Foods is not. Since Buckeye Foods is fictitious, it cannot file a complaint seeking a reduced valuation for real estate under R.C. 5715.13.

{¶ 17} The complexity of names in these cases points out why a complainant must have legal existence and be better identified than occurred here. In these cases, each property in dispute had lessees, sublessees, franchisees, franchisors, some with the words "Buckeye Foods" as part of their corporate name, some that did not. The taxing authorities and other interested parties are to have, by these statutes, the ability to discern who is complaining about the value of real property.

{¶ 18} Buckeye Foods also argues that Eanes is the real party in interest, since he owns an interest in these corporations and is a franchisee for three of the properties. We reject this contention. The complaint does not list Eanes as the complainant; his name appears as the person in the care of which the complainant's mail is to be sent. According to Webster's Third New International Dictionary (1986) 338, the word "care" means "CUSTODY: temporary charge—used esp. in the phrase *care of* or *in care of* on mail sent to a person through another person or other agency *** abbr. *c/o*." (Emphasis *sic*.) Since Eanes is the person to whom the mail for Buckeye Foods is to be sent, he is not the complainant.

{¶ 19} Accordingly, since Buckeye Foods is a fictitious name that has no capacity to litigate these complaints, it is not the party affected by these complaints. We, thus, affirm the BTA's dismissal of the complaints. *Middleton v. Cuyahoga Cty. Bd. of Revision, supra*.

*Decisions affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

PFEIFER and LUNDBERG STRATTON, JJ., concur separately.

———————————————

**LUNDBERG STRATTON, J., concurring.**

{¶ 20} I concur with the majority; however, I believe that these filings should not preclude the correct party or parties from filing another complaint on the same properties within the same triennium.

{¶ 21} R.C. 5715.19(A)(2) provides:

"No person, board, or officer shall file a complaint against the valuation or assessment of any parcel that appears on the tax list if it filed a complaint against the valuation or assessment of that parcel for any prior tax year in the same interim period * * *."

{¶ 22} I would not deem it a violation of R.C. 5715.19(A)(2) if the proper parties attempted to file decrease complaints on the subject properties because they would not be the same parties that filed the complaints that are the subject of this appeal.

{¶ 23} Because the complainant in these cases was fictitious and, thus, lacked standing to file because it did not legally exist, the BOR had no jurisdiction over the complaints filed. Unless the *same* party previously filed a complaint on the property within a triennium, a dismissal for lack of standing of a nonexistent complainant is a dismissal for reasons other than on the merits. See *Gammarino v. Hamilton Cty. Bd. of Revision* (1994), 71 Ohio St.3d 388, 643 N.E. 2d 1143. Consequently, in the event the proper party or the real party in interest files a complaint on these properties within the same triennium as the complaints filed by fictitious party Buckeye Foods, I would allow the filing of the complaints.

PFEIFER, J., concurs in the foregoing concurring opinion.

January Term, 1997

_____