[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 401.]

SOCIETY NATIONAL BANK, APPELLANT, *v*. WOOD COUNTY BOARD OF REVISION
ET AL., APPELLEES.

[Cite as *Soc. Natl. Bank v. Wood Cty. Bd. of Revision*, 1998-Ohio-436.]

*Taxation—Real property valuation—Standing of former owner to file a complaint seeking a decrease in the true value of the property—R.C. 5715.13, construed and applied.*

(No. 97-1058—Submitted October 28, 1997—Decided April 22, 1998.)

APPEAL from the Board of Tax Appeals, No. 96-J-599.

_____

{¶ 1} A complaint concerning real property valuation for tax year 1995 was filed January 12, 1996 by appellant, Society National Bank ("Society"), with the appellee Wood County Board of Revision ("BOR"). In its complaint Society sought a reduction in value for real property in Northwood, which it had sold on December 29, 1995.

{¶ 2} The first question on the complaint form filed by Society asked for the "Owner of property." In response, Society answered, "Society National Bank f.n.a. as Toledo Trust Company [Owner as of 1-1-95]." In response to the second question on the complaint form that asked for the "Complainant if other than owner," Society responded, "N/A." Elsewhere in the complaint Society stated that the decrease requested was justified because of a recent sale of the property, and that it was "permitted to refile under § 5715.19 ORC."

{¶ 3} Counsel for Society appeared at the BOR hearing, but she did not present any witnesses. She presented, in addition to the complaint and the attached settlement statement, an executed copy of the Offer to Purchase Real Property and Acceptance for the property, dated October 11, 1995, and an appraisal of the property prepared for Society prior to the sale.

**{¶ 4}** Section 6 of the Offer to Purchase Real Property and Acceptance, entitled "Taxes, Prorated Items," provides in part:

"All real property taxes and assessments, both general and special, which are a lien and are due and payable prior to the Closing Date shall be paid by Seller. All real property taxes and assessments, both general and special, which are a lien but not yet due and payable against the Premises as of the Closing Date and thereafter, shall be prorated between Seller and Purchaser as of the Closing Date."

**{¶ 5}** The settlement statement indicates that the buyer received a credit for a "Tax Proration from 01/01/95 thru 12/29/95."

**{¶ 6}** The BOR dismissed Society's complaint, stating that Society had filed a complaint for the same property in the same triennial period in violation of R.C. 5715.19(A)(2). On appeal to the Board of Tax Appeals ("BTA"), the parties waived an evidentiary hearing and submitted the matter upon the BOR record. The BTA dismissed the appeal for the reason that Society "lacked standing to file the decrease complaint with the board of revision once it no longer held title to the property."

**{¶ 7}** This cause is now before the court upon an appeal as of right.

_____

*Arter & Hadden* and *Karen H. Bauernschmidt*, for appellant.

*Teaford, Rich & Wheeler* and *James R. Gorry*, for appellees Wood County Board of Revision and Wood County Auditor.

_____

***Per Curiam.***

**{¶ 8}** Society contends that it met all the requirements of R.C. 5715.13 and 5715.19, and therefore had standing to file a complaint for a decrease in the valuation of the real property. We disagree.

**{¶ 9}** The two statutes of primary importance when considering the standing of a party to file a complaint for a decrease in valuation with a board of revision are R.C. 5715.19 and 5715.13.

**{¶ 10}** R.C. 5715.19(A)(1) provides:

"Any person *owning taxable real property in the county* or in a taxing district with territory in the county * * * may file such a complaint regarding any such determination affecting any real property in the county * * *." (Emphasis added.)

**{¶ 11}** R.C. 5715.13 provides:

"The county board of revision shall not decrease any valuation complained of unless the party affected thereby or his agent makes and files with the board a written application * * *."

**{¶ 12}** The thrust of Society's argument is that it was a "party affected," within the meaning of R.C. 5715.13, because on the tax lien date, January 1, 1995 (see R.C. 323.11), it was the owner of the property listed in its complaint and because of its contractual obligation to credit the buyer with the prorated taxes for a portion of tax year 1995.

**{¶ 13}** While Society's argument primarily focuses on R.C. 5715.13, we believe that our decision in *Middleton v. Cuyahoga Cty. Bd. of Revision* (1996), 74 Ohio St.3d 226, 658 N.E.2d 267, requires that consideration of this matter start with R.C. 5715.19. In *Middleton* we stated, "R.C. 5715.19 is a general statute providing *who may complain* about various actions taken by the auditor." (Emphasis added.) *Id.* at 227, 658 N.E.2d at 268. A review of the pertinent language of R.C. 5715.19(A)(1), which lists the persons and entities that have standing to file a complaint, shows only one classification for which Society might qualify as a complainant, and that is, "[a]ny person owning taxable real property in the county."

**{¶ 14}** In *Am. Restaurant & Lunch Co. v. Glander* (1946), 147 Ohio St. 147, 34 O.O. 8, 70 N.E.2d 93, at paragraph one of the syllabus, we held, "Where a statute

confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred." In the context of this case the pertinent language of the second paragraph of R.C. 5715.19(A)(1), as quoted above, is clear and unambiguous in restricting the filing of a complaint to persons "owning taxable real property in the county." The use of the present tense in the phrase "owning taxable real property in the county" further requires that the complainant must own taxable real property in the county at the time the complaint is filed. The complainant need not own the subject property as long as the complainant owns taxable real property in the county at the time the complaint is filed. Thus a person who owns no taxable real property in the county at the time he or she files a complaint would not have standing to complain about the valuation of the real property of another.

{¶ 15} When a person files a complaint against the property of another, the burden is on that person to prove that he or she has standing. For instance, in *Middleton,* where a nonowner attempted to file a complaint against the valuation of another's real property, the complainant was "an owner of taxable property in [the county]." *Id.* at 226, 658 N.E.2d at 267. Here, although Society owned the property in question on the tax lien date, January 1, 1995, and owned it until title was transferred on December 29, 1995, it did not own the property at the time it filed the complaint. Thus it became Society's burden to prove that it owned other taxable real property in the county at the time it filed its complaint. However, Society did not offer any evidence at the BOR hearing or before the BTA to prove that at the time it filed its complaint it owned other taxable real property in the county.

{¶ 16} If Society had proven that it was a "person owning taxable real property in the county," then a consideration of the elements of R.C. 5715.13 would have become relevant. However, Society failed to show that it met the threshold standing requirement of R.C. 5715.19(A)(1), and, consequently, failed to invoke

the jurisdiction of the BOR. Therefore, we need not consider whether Society met the requirements of R.C. 5715.13.

{¶ 17} Society also contends that because the BTA denied it the opportunity to be heard, it has been deprived of due process of law under the Ohio and United States Constitutions. We disagree.

{¶ 18} Society claims that its property tax payment has been taken and it has been denied the opportunity to contest the amount of the payment or to even be heard on the issue. Society's claim that it paid the taxes for most of tax year 1995 is not evidenced in the record. Society claims that it paid most of the 1995 taxes by crediting the buyer with the amount of the prorated taxes at the closing, pursuant to the purchase contract. However, there is no claim that Society actually made any payments for the 1995 taxes to the county treasurer. The credit for prorated taxes was given by Society pursuant to private agreement between the buyer and the seller, not pursuant to any law. Therefore, Society was not deprived of any property by governmental action that could serve as the basis for its claim of lack of due process.

{¶ 19} Accordingly, for all the foregoing reasons the dismissal of the appeal by the BTA was reasonable and lawful and is therefore affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK, J., not participating.

_____