I must respectfully dissent from the majority's ultimate conclusion as to the second assignment of error only.
As the majority points out, R.C. 5715.13 requires the complaint to meet the statutory jurisdictional requirements before any consideration may be given to the merits. Stanjim Co. v. Bd. ofRevision (1974), 38 Ohio St.2d 233. Equally, the failure to meet the statutory requirements results in the dismissal of the complaint. Elkem Metals. Co., L.P. v. Washington Cty. Bd. ofRevision (1998), 81 Ohio St.3d 683. The view of the majority that as the owner's daughter, the appellant may be considered a proper person to be an agent, is a logical conclusion based upon sound reasoning given the Supreme Court's decisions in Buckeye Foods v.Cuyahoga Cty. Bd. of Revision (1997), 78 Ohio St.3d 459 andLakeside Ave. L.P. v. Cuyahoga Cty. Bd. of Revision (1999),85 Ohio St.3d 125.
In several cases the Supreme Court has considered the issue of standing to file a case in front of a board of revision. It is noteworthy that in Gammerino v. Hamilton Cty. Bd. of Revision
(1994), 71 Ohio St.3d 388, the issue of the standing of the complainant was raised by a motion to dismiss. A motion to dismiss was also filed in Buckeye Foods, supra. In Buckeye, the court cited to United States v. Storer Broadcasting Co. (1956),351 U.S. 192 for the proposition that standing, inasmuch as it is jurisdictional in nature, may be raised at any time during the pendency of the proceedings. The court did not limit this determination to decisions made by a board of revision in the absence of evidence or motions. The Buckeye Foods Court also cite to Queen City Valves, Inc. v. Peck (1954), 161 Ohio St. 579 which held that the "court has no disposition to be hypertechnical and to deny the right of appeal on captious grounds but it cannot ignore statutory language which demands that certain conditions be met to confer jurisdiction upon an appellate tribunal."
In Elkem Metals, supra, the Supreme Court stated that a board of review has been given jurisdiction to hear and rule on complaints submitted to it:
. . . as a part of its jurisdiction to hear and rule on complaints, a board of revision must undertake a two-step analysis. First, the board of revision must examine the complaint to determine whether it meets the jurisdictional requirements set forth by the statutes. Second, if the complaint meets the jurisdictional requirements, then the board of revision is empowered to proceed to consider the evidence and determine the true value of the property.
Lastly, an abuse of discretion connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Rock v. Cabral
(1993), 67 Ohio St.3d 108; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
In the case sub judice, given the case law to date, I find myself in agreement with the majority that standing must be determined by the board of revision prior to proceeding to the merits of the complaint. However, the board of revision did not reach the determination as to whether or not Ms. Matteo was a proper agent as the property owners' daughter. Rather, the board determined only that the complaint must be filed by an attorney and no one else. Since the board erred in its application of the law, the board should be permitted to reevaluate the status of Ms. Matteo now that this court has provided guidance regarding the language of R.C. 5715.13.
I would further add that it is hypertechnical to determine the issue on the face of the complaint alone. Since there is no law, statutory or otherwise, requiring that evidence of agency status must be provided at the time of filing the complaint, I do not believe that the court of common pleas abused its discretion. The trial court's decision that agency status may be proven at some point after filing is a reasonable one.