JOURNAL ENTRY AND OPINION
In these consolidated appeals, appellants, Sovran Self Service Association and Sovran Self Storage Association, appeal the rulings of the Ohio Board of Tax Appeals dismissing their appeals for lack of standing. For the reasons that follow, we affirm.
This action began with the filing of two complaints on the assessment of real property for the tax year 1994 with the Cuyahoga County Board of Revision. The complaints sought a decrease in the assessment of real property located at 6801 Engle Road in Middleburg Heights. The property, which is improved with a mini-storage facility, is comprised of two parcels.
In its complaints filed with the Board of Revision on March 31, 1995, appellants identified the owner of one parcel of property as Sovran Self Service Association and the owner of the other parcel as Sovran Self Storage Association. Following a hearing, the Board of Revision issued decisions granting a reduction in the assessment of one parcel and no reduction in the other parcel.
On May 7, 1996, appellants appealed the decisions of the Board of Revision to the Board of Tax Appeals. The appeals were consolidated for hearing and disposition by the Tax Board.
While the appeals were pending, appellee, Berea City School District Board of Education, filed a motion to dismiss the appeals for lack of standing. Appellee argued that because the properties had been deeded to an individual named Robert J. Amsdell on March 30, 1995, one day before the complaints were filed, neither appellant was the owner of the subject property on the date the complaints were filed and, therefore, neither appellant had standing to file such real property complaints with the Board of Revision. Appellee also claimed that Sovran Self Service Association and Sovran Self Storage Association were fictitious names not registered with the Secretary of State or the Cuyahoga County Recorder and, therefore, neither entity had legal capacity to file such a complaint.
In response to appellee's motion to dismiss, appellants filed a motion for substitution of parties pursuant to Civ.R. 17 and Civ.R. 25 (C). In their motion, appellants conceded that Robert J. Amsdell was the real party in interest because the subject properties had been transferred to him on March 30, 1995 and sought to substitute him as the proper party.
The Tax Appeals Board denied appellants' motion for substitution of parties, finding that the Civil Rules were not applicable to proceedings before the Board. The Board also granted appellee's motion to dismiss the complaints, finding that appellants lacked standing to file the decrease complaints with the Board of Revision because they did not own the property on the date the complaints were filed. Appellants appeal these decisions of the Tax Board.
Appellants assign ten[1] assignments of error for our review. Initially, we note that appellants' brief does not comply with App.R. 16 (A) (7), which requires that an appellant separately argue each assignment of error. This court need not address appellants' assignments of error, therefore, because appellants have failed to argue them in accordance with App.R. 16 (A) (7). See App.R. 12 (A) (2)
In the interest of justice, however, we will consider nine[2]
of appellants' assignments of error as they collectively raise three issues: 1) Did the Board of Tax Appeals err in dismissing appellants' complaints for lack of standing? 2) Did the Board of Tax Appeals err in denying appellants' motion for substitution of parties? 3) Did the decision of the Board dismissing the complaints violate R.C. 5717.03 or the Constitutions of the United States and Ohio?
Pursuant to R.C. 5717.04, we review the record and evidence to determine whether the decisions of the Tax Board were reasonable and lawful.
Assignments of error one, two, five and seven state:
 I. THE BOARD OF TAX APPEALS UNREASONABLY AND UNLAWFULLY DISMISSED THE APPELLANT'S APPEAL.
 II. THE BOARD OF TAX APPEALS UNREASONABLY AND UNLAWFULLY HELD THAT APPELLANT DID NOT HAVE STANDING TO FILE A DECREASE COMPLAINT WITH THE CUYAHOGA COUNTY BOARD OF REVISION.
 V. THE BOARD OF TAX APPEALS UNREASONABLY AND UNLAWFULLY DISMISSED THE APPELLANT'S APPEAL FOR AN ERROR THAT WAS NOT JURISDICTIONAL AND DID NOT GO TO THE CORE OF PROCEDURAL EFFICIENCY.
 VII. THE BOARD OF TAX APPEALS ABUSED ITS DISCRETION, ACTED UNREASONABLY, UNLAWFULLY AND ARBITRARILY IN DISMISSING THE APPELLANT'S APPEAL.
Assignments of error one, two, five and seven relate to whether the Board of Tax Appeals erred in dismissing appellants' complaints for lack of standing and, accordingly, will be considered together.
In Society Natl. Bank v. Wood Cty. Bd. of Revision (1998),81 Ohio St.3d 401, the Ohio Supreme Court addressed the issue of standing to file a complaint with a Board of Revision. InSociety, as in this case, Society National Bank did not own the property in question on the date it filed a decrease complaint with the Wood County Board of Revision. In affirming the decision of the Board of Tax Appeals dismissing Society's complaint for lack of standing, the Ohio Supreme Court noted that the two statutes of primary importance when considering the standing of a party to file a complaint for a decrease in valuation with a board, of revision are R.C. 5715.19 and R.C.5715.13.
R.C. 5715.19 (A) (1) provides:
 Any person owning taxable real property in the county or in a taxing district with territory in the county * * * may file such a complaint regarding any such determination affecting * * * any real property in the county * * *.
R.C. 5715.13 provides:
 The county board of revision shall not decrease any valuation complained of unless the party affected thereby or his agent makes and files with the board a written application * * *.
In analyzing the standing issue in Society, the Ohio Supreme Court noted that consideration of the standing issue begins with R.C. 5715.19 (A) (1). Pursuant to R.C. 5715.19 (A) (1), the complainant need not own the property that is the subject of the complaint as long as the complainant owns taxable real property in the county at the time the complaint is filed. Id. at 403. If the complainant demonstrates that it owns taxable real property in the county, then a consideration of whether the complainant is a "party affected" by the valuation pursuant to R.C. 5715.13 is appropriate.
In Society, Society National Bank did not own the subject property at the time it filed its complaint. Therefore, the Supreme Court stated, "it became Society's burden to prove that it owned other taxable real property in the county at the time it filed its complaint. However, Society did not offer any evidence at the BOR hearing or before the BTA to prove that at the time it filed its complaint it owned other taxable real property in the county." Id. at 404. Accordingly, the Supreme Court held that Society had failed to show that it met the threshold standing requirement of R.C. 5715.19 (A) (1), and, consequently, it failed to invoke the jurisdiction of the board of revision.
Society is dispositive of appellants' jurisdictional argument. As in Society, appellants did not own the subject property on the date they filed their complaints with the Cuyahoga County Board of Revision. Indeed, in their motion for substitution of parties, appellants conceded that Robert J. Amsdell took title to the property one day prior to the filing of the complaints. Accordingly, it became appellants' burden to introduce evidence that they owned other taxable real property in Cuyahoga County on the date the complaints were filed. There is nothing in the record, however, to demonstrate that appellants introduced any such evidence. Accordingly, just as in Society, appellants failed to meet the threshold standing requirement of R.C. 5715.19 (A) (1) and, therefore, failed to invoke the jurisdiction of the Board of Revision.
Appellants argue, however, that their error in failing to name the proper party as the complainant is not a jurisdictional defect because it does not affect the "core of procedural efficiency." In Akron Standard Div. v. Lindley (1984), 11 Ohio St.3d 10, the Ohio Supreme Court enunciated a "core of procedural efficiency" standard regarding compliance with a tax statute relating to filing a reassessment petition. The Supreme Court held that the lack of a statutorily mandated verified signature was not a basis for dismissing a reassessment petition because the complainant had substantially complied with the statutory requirements and the lack of a verified signature did not affect the "core of procedural efficiency."
The Supreme Court explained the Akron Standard decision inRenner v. Tuscarawas Cty. Bd. of Revision (1991), 59 Ohio St.3d 142,144:
 If the omitted requirement runs to the core of procedural efficiency, then the requirement is essential, the omission is not substantial compliance with the statute, and the appeal is to be dismissed.
The Ohio Supreme Court applied the "core of procedural efficiency" test recently in Cleveland Elec. Illum. Co. v. LakeCty. Bd. of Revision (1998), 80 Ohio St.3d 591. In ClevelandElec., the board of revision dismissed several reassessment complaints for lack of jurisdiction because the complainants had not completely answered two questions set forth on the form entitled "Complaint on the Assessment of Real Property" relating to the amount at which the taxpayer believed the property should be valued and the reasons supporting such a reduction. The Tax Appeals Board affirmed the dismissal. The Ohio Supreme Court reversed on appeal, however, finding that the questions at issue sought opinion and argument, rather than specific, verifiable information required by statute, and, therefore, the responses substantially complied with the requirements of R.C. 5715.19 and5715.13. The Supreme Court also found that the responses did not affect the "core of procedural efficiency" because the information given was sufficient to trigger notice to the defendant school board.
Appellants argue that, as in Cleveland Elec., their failure to name the proper party as complainant did not affect any procedures before the board of revision because appellee received notice that the valuation of the subject property was being contested. Accordingly, appellants contend, the requirement to name the proper name the proper party as complainant does not affect the core of procedural efficiency and, therefore, is not a jurisdictional requirement. We disagree.
First, we note that the information at issue in this case is specific, verifiable information concerning the identity of the owner of the subject property, not merely opinion or argument. Moreover, as discussed earlier, in Society Natl. Bank v. WoodCty. Bd. of Revision, decided several months after ClevelandElec., the Ohio Supreme Court made it abundantly clear that establishing ownership at the time the complaint is filed is a jurisdictional requirement necessary to invoke the jurisdiction of the board of revision.
Appellants also argue that if the Board of Tax Appeals had granted their motion for substitution, there would not have been any jurisdictional defect in their complaints and, consequently, the Board of Tax Appeals would not have had to consider R.C.5915.19 (A) (1) or the Society case.
Appellants' argument, however, requires that this court ignore the jurisdictional deficiencies that formed the basis for the Board's dismissal of the complaints. Appellants put the cart before the horse when they ask this court to permit them to substitute parties and turn a blind eye to their failure to satisfy the basic statutory jurisdictional requirement of standing to file a complaint.
Pursuant to Society, the decision of the Tax Appeals Board dismissing appellants' complaints for lack of standing was reasonable and lawful. Appellants' first, second, fifth and seventh assignments of error are therefore overruled.
Appellants' third assignment of error provides:
 III. THE BOARD OF TAX APPEALS' DECISION IS UNREASONABLE AND UNLAWFUL FOR THE REASON THAT IT DENIED THE APPELLANT'S MOTION FOR SUBSTITUTION OF PARTIES.
In their third assignment of error, appellants challenge the decision of the Board of Tax Appeals denying their motion for substitution of parties.
Appellants contend that the Board erred in denying their motion because Civ.R. 17 (A) and Civ.R. 25 (C) provide a simple remedy for substitution of parties. Civ.R. 17 (A) provides that:
 No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.
Civ.R. 25 (C) provides that "In case of any transfer of interest, the action may be continued by or against the original party * * *."
Appellants correctly note that the Civil Rules provide for substitution of parties in cases where the real party in interest has not been named or where a transfer of interest occurs during the pendency of the action. It is well established, however, that the Ohio Board of Tax Appeals, as an administrative agency, is not bound by the Ohio Rules of Civil Procedure. As this court stated in Midwest Enterprises v. Cuyahoga Cty. Bd. of Revision
(Jan. 26, 1995), Cuyahoga App. Nos. 67203 and 67565, unreported, "the civil rules apply only to courts, Civ.R. 1 (A); they are not binding on administrative agencies." See, also, Yoder v. OhioState Bd. Of Edn. (1988), 40 Ohio App.3d 111, 112.
The Ohio Revised Code affords property owners two avenues of appeal from a decision of a board of revision: appeal to the board of tax appeals or appeal to the common pleas court. See R.C. 5717.01 and 5717.05. By appealing to the board of tax appeals, appellants chose to be bound by the board's guidelines and procedures and not by the Rules of Civil Procedure.
Accordingly, appellants' argument that the reasoning and holding of Name Brand Furniture Warehouse, Inc. v. Cuyahoga Cty.Bd. of Revision (1987), 41 Ohio App.3d 47, apply to this case is misplaced. In Name Brand Furniture, a subtenant appealed the valuation of property by the board of revision to the court of common pleas. The defendant board of education moved to dismiss the subtenant's appeal on the ground that the subtenant lacked standing to appeal. In response, the subtenant moved to join or substitute the landowner as the proper party in interest. The common pleas court denied the subtenant's motion for substitution and granted the board of education's motion to dismiss.
On appeal, this court reversed. Noting that a failure to name the real party in interest as the plaintiff is not a jurisdictional defect, this court held that pursuant to Civ.R. 17 (A), the subtenant should have been allowed to cure its defective appeal and substitute the proper party because the change would not unfairly prejudice the board of education, who had received timely notice that the subtenant had challenged the valuation of the property.
Appellants argue that the Tax Appeals Board should have granted their motion for substitution of parties because, pursuant to Name Brand Furniture, a failure to name the real party in interest is not a jurisdictional defect and allowing appellants to name Robert J. Amsdell as the real party in interest would not unfairly prejudice appellee because all notices required by statute had been timely given.
Name Brand Furniture, however, is not controlling. In that case, the subtenant appealed to the common pleas court, rather than to the Ohio Board of Tax Appeals. Accordingly, the Civil Rules were applicable to the appeal. Here, however, appellants appealed to the Board of Tax Appeals, an administrative agency not bound by the Rules of Civil Procedure.
Moreover, contrary to appellants' argument, complaints filed under R.C. 5715.19 and 5715.13 are jurisdictional. Buckeye Foodsv. Cuyahoga Cty. Bd. of Revision (1997), 78 Ohio St.3d 459, 461. Furthermore, "full compliance with R.C. 5715.19 and 5715.13 is necessary before a county board of revision is empowered to act on the merits of a claim." Id., quoting Stanjim Co. v.Mahoning Cty. Bd. of Revision (1974), 38 Ohio St.2d 233. Thus, as discussed earlier, appellants' failure to comply with the prerequisites of R.C. 5715.19 and 5715.13 was a jurisdictional defect that deprived the board of revision of jurisdiction to consider appellants' complaints. Any implication in Name BrandFurniture to the contrary is erroneous.
We hold, therefore, that the decision of the Board of Tax Appeal denying appellants' motion for substitution of parties was reasonable and lawful. Appellants' third assignment of error is overruled.
Assignments of error six, nine, ten and eleven state:
 VI. THE DECISION OF THE BOARD OF TAX APPEALS VIOLATES DUE PROCESS AND IS THEREFORE IN VIOLATION OF AMENDMENT XIV. SECTION I OF THE UNITED STATES CONSTITUTION.
 IX. THE DECISION OF THE BOARD OF TAX APPEALS IS UNREASONABLE AND UNLAWFUL AND IS CONTRARY TO THE LAWS OF OHIO AND THE OHIO CONSTITUTION.
 X. THE DECISION OF THE BOARD OF TAX APPEALS VIOLATED ARTICLE XII, SECTION 2 OHIO CONSTITUTION THAT PROPERTY SHOULD BE TAXED BY "UNIFORM RULE"
 XI. THE DECISION OF THE BOARD OF TAX APPEALS VIOLATES THE RIGHT OF "EQUAL PROTECTION" UNDER ARTICLE I, SECTION 2 AND ARTICLE II, SECTION 26
OHIO CONSTITUTION AND AMENDMENT XIV, SECTION I UNITED STATES CONSTITUTION.
In these assignments of error, appellants argue that the decision of the Tax Appeals Board dismissing their complaints was constitutionally defective. In addition, appellants contend that in dismissing these cases, the Board did not comply with R.C.5717.03, which requires that "in case of an appeal from a decision of a county board of revision, the board of tax appeals shall determine the taxable value of the property whose valuation or assessment by the county board of revision is complained of Z
We need not consider appellants' arguments, however, because other rulings resolve the dispute and appellants raise them for the first time on appeal. State v. Lorraine (1993), 66 Ohio St.3d 414,416; State v. Awan (1986), 22 Ohio St.3d 120, syllabus; Cuyahoga Falls v. Bowers (1984),9 Ohio St.3d 148, 151. We note, however, that "due process does not require the state to grant non-owners a right to challenge property taxes." Name Brand Furniture,41 Ohio App.3d at 50-51.
Appellants' sixth, ninth, tenth and eleventh assignments of error are therefore overruled.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Board of Tax Appeals to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KAPPINSKI, J. and SPELLACY, J., CONCUR.
 _________________________________ TIMOTHY E. McMONAGLE JUDGE
[1] Appellants' brief contains eleven assignments of error. Appellants have withdrawn assignment of error four, however, from our consideration.
[2] We will not consider assignment of error eight, which states: "The Board of Tax Appeals' decision is unreasonable and unlawful for the reason that the decision ignored and is contrary to the weight of the evidence in the record before the Board of Tax Appeals." Appellants do not separately argue this assignment of error, nor do they cite to any part of the record, as required by App.R. 16 (A) (7), to indicate what evidence the Tax Appeals Board allegedly ignored. Furthermore, this assignment of error does not relate to the three issues presented by the other assignments of error.