OPINION
{¶ 1} Village Condominium Owners Association ("VCOA") appeals from a decision of the Ohio Board of Tax Appeals ("BTA"), which dismissed VCOA's complaint for lack of standing.
 {¶ 2} VCOA, a nonprofit corporation, is an association of the owners of thirty-one condominium units at the Village Condominiums, located on Old National Road in Vandalia, Ohio. VCOA was organized to administer the condominium property, in all respects, as provided by the Declaration of Condominium Ownership and By-Laws. The Declaration defines "common areas and facilities" as "[t]he entire land and improvements thereon not included with a Unit." (Decl. ¶ 8). VCOA is responsible for the "management, maintenance, repair and replacement of the Common Areas and Facilities." (Decl. ¶ 18(a)).
 {¶ 3} On March 29, 2002, VCOA filed a complaint with the Montgomery County Auditor, contesting the valuation of certain real property at the condominium complex. The property appears on the auditor's records as parcel number B02-13-03-0001 and as owned by Sonnenberg Construction Company ("Sonnenberg"), the condominium developer. VCOA asserted that the property should have no value, because it constituted a common area for the condominium association and had no separate market value. After a hearing on September 23, 2002, the Montgomery County Board of Revision ("BOR") decreased the true value of the property from $47,160 to $24,390, and the taxable value from $16,510 to $8,540.
 {¶ 4} On October 24, 2002, VCOA appealed to the Board of Tax Appeals. Before the BTA, VCOA argued that, although there is no deed for this parcel, Sonnenberg had deeded all of its interest in the property as part of the individual condominium deeds, which conveyed the individual unit plus an undivided interest in the common areas as defined in the Declaration. VCOA stated that when all the units had been sold, Sonnenberg had deeded "everything he ha[d]. That parcel number is an empty shell."
 {¶ 5} In its decision, the BTA did not reach the merits of its arguments. Rather, it held that VCOA had failed to satisfy the threshold requirement that VCOA have standing to file a complaint under R.C. 5715.19. The BTA concluded that standing was lacking, because VCOA was not the "owner" of property within the county. Citing its decision in Point East Condominium Assn.,Inc. v. Cuyahoga Cty. Bd. of Revision (Aug. 1, 1997), BTA Nos. 1996-P-367, 368, the BTA reasoned that the unit owners have legal title to the property and only those with a legal interest in real property have standing to file a complaint. "Whatever interest VCOA claims in the property as of the date of filing the complaint, it is equitable, not legal, and VCOA did not have standing to file a real property complaint." The BTA therefore remanded the case to the BOR with instructions to vacate its decision and to dismiss the complaint.
 {¶ 6} VCOA asserts one assignment of error on appeal.
 {¶ 7} "The board of tax appeals erred in concluding that appellant condominium association lacks standing to file a real property tax complaint regarding the taxation of common areas."
 {¶ 8} As recognized by the BTA, the Supreme Court of Ohio has stated that the "two statutes of primary importance when considering the standing of a party to file a complaint for a decrease in valuation with a board of revision are R.C. 5715.19
and 5715.13." Society Natl. Bank v. Wood Cty. Bd. of Revision
(1998), 81 Ohio St.3d 401, 402, 692 N.E.2d 148. R.C.5715.19(A)(1) provides: "Any person owning taxable real property in the county * * * may file [an original] complaint * * *." R.C.5715.13 provides:
 {¶ 9} "The county board of revision shall not decrease any valuation unless a party affected thereby or who is authorized to file a complaint under 5715.19 of the Revised Code makes and files with the board a written application therefor, verified by oath, showing the facts upon which it is claimed such decrease should be made."
 {¶ 10} The Supreme Court of Ohio has set forth a two-step analysis for evaluating a complainant's standing to file a complaint for a decrease in the valuation of real property.Society Natl. Bank, supra. First, a complainant must meet the requirements of R.C. 5715.19(A)(1). If those requirements are satisfied, then the court must consider the requirements of R.C.5715.13. Under R.C. 5715.19, an owner is one of a class of persons authorized to file a decrease complaint. Society Natl.Bank, supra; see also Security Natl. Bank and Trust Co. v.Springfield City School Dist. Bd. of Edn. (Sept. 17, 1999), Clark App. No. 98-CA-104. To be an "owner", the complainant must have a legal, not an equitable, interest in the real property.Victoria Plaza LLC v. Cuyahoga Cty. Bd. of Revision (1999),86 Ohio St.3d 181, 712 N.E.2d 751.
 {¶ 11} VCOA challenges the BTA's determination that it does not meet the requirements of R.C. 5715.19(A)(1). First, VCOA claims that it has a "titled" interest in the common areas, thus making it an "owner" of that property. VCOA argues that the Declaration itself provides it with a "titled" interest to the common areas by stating that the covenants "run with the land" VCOA further asserts that Sonnenberg was not required to file a separate deed to convey its interest in the common area, because Sonnenberg is bound by the terms of the Declaration, which transfers all of its interest in the land
 {¶ 12} In our judgment, the covenants in the Declaration do not grant VCOA an ownership interest in the common areas. As noted by VCOA, the Declaration renders VCOA responsible for the "management, maintenance, repair and replacement of the Common Areas and Facilities." (Decl. ¶ 18(a)). The Declaration expressly states that VCOA is an "administrator" of the property, not an owner. Moreover, the Declaration clearly states that the common areas are owned by the unit owners and that the unit owners are responsible for the real estate tax on their units and their percentage of interest in the common areas. (Decl. ¶ 24). This provision comports with R.C. 5311.11, which provides: "Each unit of a condominium property and the percentage of interest in the common areas and facilities appurtenant to it shall be deemed to be a separate parcel for all purposes of taxation and assessment of real property, and no other unit or other part of the condominium property shall be charged with the payment of such taxes and assessments." Paragraph 12 of the Declaration sets forth how to calculate the interest of each unit in the common areas. In addition, Paragraph 28(b) states:
 {¶ 13} "[Sonnenberg] will not retain a property interest in any of the Common Areas and Facilities after control of the Condominium development is assumed by the Association[, i.e., VCOA]. The Owners of Condominium ownership interest that have been sold by [Sonnenberg] will assume control of the Common Areas and Facilities and of the Association, as provided in the Declaration and the By-Laws."
 {¶ 14} Assuming, as VCOA argues, that the provisions in the Declaration are incorporated by reference into the deeds, this fact would give VCOA no greater interest in the common areas than otherwise provided in the Declaration. Even accepting VCOA's assertion that Sonnenberg was not required to file a separate deed to convey the property at issue and that the Declaration "itself constitutes the `deed' transferring Sonnenberg's interest," the Declaration does not give an ownership interest to VCOA .
 {¶ 15} We note that VCOA conceded as much during the hearing before the BTA. VCOA stated: "[VCOA] is a condominium. * * * [Condominiums] aren't in the business of owning real estate. Condominiums don't own any real estate. The owners own their undivided shares. This would be different if we're talking about a homeowner's association. And there's specific case law on those kinds of valuations." (T. at 5-6)
 {¶ 16} VCOA argues that the BTA incorrectly relied upon its prior decision in Point East, supra. In Point East, a condominium unit owners association filed a complaint, challenging the valuations of seventy-six of the condominium units. The association had argued that it was a "party affected," pursuant to R.C. 5715.13, because the unit owners were taxed for a proportionate share of the common areas and the dispute revolved around a common area, i.e., the replacement of the fire sprinkler system. It further asserted that R.C. 5311.20 provided statutory authority for the association to bring suit. That statute grants condominium associations authority to sue or be sued in an action relating to the common areas.
 {¶ 17} The Eighth District affirmed the BTA's dismissal for lack of standing. Focusing primarily on R.C. 5715.13, it found that the association was not an affected party. It further stated, without elaboration, "[the association] does not qualify as one of the entities listed in R.C. 5715.19 which can file a complaint with a board of revision. This alone would divest the board of revision from hearing [its] complaint." The court further stated that R.C. 5311.20 did not provide a basis for standing, because the property assessment does not relate to the common areas.
 {¶ 18} VCOA argues that Point East is distinguishable, because VCOA is seeking to eliminate the taxation of common areas, not individual units. This factual difference has no bearing on whether VCOA is an owner of the common areas under R.C. 5715.19. At most, this difference relates to whether R.C.5311.20 provides VCOA a basis for standing. In our judgment, R.C.5311.20 does not. Although R.C. 5311.20 generally allows condominium associations authority to sue or be sued in actions relating to common areas, R.C. 5715.19 imposes a specific requirement that the complainant regarding a real estate valuation be one of those specified therein, i.e., an owner, the owner's spouse, qualified appraisers, CPAs, real estate brokers, trustees, county commissioners, prosecuting attorneys, county treasurers, township trustees, boards of education, mayors or legislative authorities of municipal corporation. VCOA is not one of the statutorily required complainants, and R.C. 5311.20 does not negate that requirement.
 {¶ 19} We agree with Judge Grady that, as a practical matter, it makes little sense to preclude a condominium association from challenging a tax valuation of the common areas, particularly in light of that fact that the association is comprised of the unit owners and has the statutory authority to bring actions concerning the common areas. Moreover, we agree that requiring the individual unit owners to bring suit could result in inconsistent rulings. Nevertheless, in our judgment, to permit a condominium association to bring a valuation complaint would be inconsistent with the clear and unambiguous language of R.C.5715.19(A)(1) and the Supreme Court of Ohio's interpretation of that statute. See Society Bank, supra.
 {¶ 20} Accordingly, we conclude that the BTA properly concluded that VCOA was not a "titled" owner, within the meaning of R.C. 5715.19.
 {¶ 21} As an alternative argument, VCOA claims that it has standing as a "non-titled owner." In support of its position, it relies upon Midland Food Serv., LLC v. Cuyahoga Cty. Bd. ofRevision (May 3, 2002), BTA No. 2001-G-158, 2002 WL 923361, in which the Board of Tax Appeals concluded that a lessee who "has the duty under the lease to pay all real property taxes, and has been given authority under the lease to contest the valuation of the subject property, is an `owner' for purposes of R.C.5715.19." The BTA noted that "a complainant who holds a leasehold estate does have legal title to and a possessory right in the real property under a lease for a term of years."
 {¶ 22} Upon review of the Declaration, we find no basis to conclude that VCOA's interest is analogous to a lessee. As stated above, although the Declaration may support VCOA's contention that Sonnenberg has given away its legal interest in the common areas, thus leaving an empty shell, the Declaration does not convey any legal interest to VCOA. We find no support in the record for VCOA's assertion that its obligation to maintain the common areas includes "any obligation, appropriate or not, to pay separately assessed real estate taxes." Although VCOA states that the unit owners have not been asked to pay for the additional, separate tax on the common areas, paragraph 24 of the Declaration states that the unit owners, not VCOA, are responsible for the tax on their units and their interest in the common areas. Accordingly, we find no basis to conclude that VCOA has a non-titled legal interest in the common areas and, thus, it is not an "owner," within the meaning of R.C. 5715.19. Consequently, the BTA properly concluded that VCOA lacks standing to file a valuation complaint.
 {¶ 23} VCOA's assignment of error is overruled.
 {¶ 24} The judgment of the BTA will be affirmed.
FAIN, P.J., concurs.