**LeMARIN CONDOMINIUM UNIT OWNERS ASSOCIATION, INC., Appellant,**

v.

**BOARD OF REVISION OF OTTAWA COUNTY et al., Appellees.**

[Cite as *LeMarin Condominium Unit Owners Assn., Inc. v. Ottawa Cty. Bd. of Revision,* 176 Ohio App.3d 342, 2008-Ohio-2379.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–07–030.

Decided May 16, 2008.

Cullen J. Cottle and Robert Kmiecik, for appellant.

Mark E. Mulligan, Ottawa County Prosecuting Attorney, for appellee Ottawa County Auditor and Board of Revision.

David A. Rose, Robert Brindza, Daniel McIntyre, and David Seed, for appellee Port Clinton City School District Board of Education.

---

HANDWORK, Judge.

{¶ 1} This appeal is from the June 12, 2007 judgment of the Ottawa County Court of Common Pleas, which dismissed the "complaint" of appellant, LeMarin Condominium Unit Owners Association, Inc. ("LeMarin") for lack of standing. Upon consideration of the assignments of error, we reverse the decision of the lower court. LeMarin asserts the following single assignment of error on appeal:

{¶ 2} "The Trial Court Erred as a Matter of Law in Dismissing Association's Complaint and Failing to Find the Ottawa County Board of Revision Erred as a Matter of Law by Failing to Change the Taxable Value of Permanent Parcel No. 013–14577–19622–02 to Zero Given its Status as a Common Element of Appellant's Condominium Property."

{¶ 3} LeMarin is a nonprofit corporation that operates 117 condominium units on Catawba Island. In 2007, LeMarin filed a complaint with the Ottawa County Board of Revision to decrease the valuation of parcel No. 013–14577–19622–02 to zero on the basis that the property at issue encompasses the common areas of the condominium property and cannot be taxed pursuant to R.C. 5311.04(E) and 5311.11.

{¶ 4} The Port Clinton School District Board of Education filed a counter-complaint alleging that the taxable value of the parcel is $253,230, as determined by the auditor. On July 31, 2006, the Ottawa County Board of Revisions determined that the valuation would not be decreased. LeMarin sought an appeal from this decision to the Ottawa County Court of Common Pleas on the grounds that the board's decision is contrary to law and to the evidence.

{¶ 5} LeMarin argues in its sole assignment of error that the board of revision erred as a matter of law by failing to change the taxable value of the parcel at issue to zero, given that the property at issue is the common area of the condominium property and, therefore, not subject to separate taxation pursuant to R.C. 5311.11. Appellees contended that LeMarin lacked standing to contest the valuation of the common areas because the common areas are owned by the condominium unit owners as tenants in common pursuant to R.C. 5311.04.

{¶ 6} The trial court held that pursuant to R.C. 5311.11 and *Soc. Natl. Bank v. Wood Cty. Bd. of Revision* (1998), 81 Ohio St.3d 401, 403, 692 N.E.2d 148, the individual condominium unit owners own an undivided interest in the common areas. Therefore, the court concluded that LeMarin is not the owner of the property at issue and lacks standing to challenge its tax valuation pursuant to R.C. 5719.19(A)(1). The trial court found that LeMarin lacked standing to file a complaint with the Ottawa County Board of Revision to decrease the valuation of the property and, therefore, that LeMarin's appeal lacked merit. LeMarin then sought an appeal to this court.

{¶ 7} On appeal, LeMarin argues that the facts of this case are distinguishable from those in *Soc. Natl. Bank,* supra, because here, title to the common areas is held in the name of the association. We agree.

{¶ 8} Normally, "standing" refers only to "the capacity of a party to bring an action, not the subject matter jurisdiction of the court." *State ex rel. Jones v. Suster* (1998), 84 Ohio St.3d 70, 77, 701 N.E.2d 1002. Therefore, the standing issue that the plaintiff is not the "real-party-in-interest" is waived if not timely asserted. *Mid–State Trust IX v. Davis,* 2d Dist. No. 07–CA–31, 2008-Ohio-1985, 2008 WL 1838350, ¶ 56. However, standing can become a jurisdictional issue in administrative appeals. *Jones,* supra, at fn. 4. In administrative appeal cases, the parties must meet strict standing requirements in order to satisfy the threshold requirement for the administrative tribunal to obtain jurisdiction. Id. Failure to comply with the statutory requirements that confer subject-matter jurisdiction cannot be waived and when called to the attention of the court at any time, the court shall dismiss the action. *Jones,* supra, at 75, 701 N.E.2d 1002.

{¶ 9} Pursuant to its statutory authority, a board of revision cannot decrease any tax valuation unless the "party affected thereby" files a complaint.

R.C. 5715.13. Therefore, full compliance with the statutory requirements of R.C. 5715.13 and 5715.19 for filing a complaint is necessary to give the board of revision the power to hear the complaint. *Buckeye Foods v. Cuyahoga Cty. Bd. of Revision* (1997), 78 Ohio St.3d 459, 461, 678 N.E.2d 917, and *Middleton v. Cuyahoga Cty. Bd. of Revision* (1996), 74 Ohio St.3d 226, 227, 658 N.E.2d 267. R.C. 5715.19(A)(1) requires that the "person owning taxable real property in the county" file a complaint challenging the auditor's determination of the taxable value of real property.

{¶ 10} In the case before us, LeMarin filed a complaint against the valuation of certain real property. It is undisputed that LeMarin holds legal title to the property at issue by a deed from the developer to the association. Therefore, we hold that the trial court erred as a matter of law when it found that LeMarin lacked standing to file the complaint against the valuation of the property with the Ottawa County Board of Revision. Appellant's sole assignment of error is well taken.

{¶ 11} Because we have found that the trial court did commit error prejudicial to appellant, the judgment of the Ottawa County Court of Common Pleas is reversed. This case is remanded to the trial court for further proceedings. Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.

Judgment reversed.

PIETRYKOWSKI, P.J., and OSOWIK, JJ., concur.